## DENISON K. TOWN
### *v.*
## SAMUEL WOOD.

1. PLEADING—*when the plaintiff must declare specially.* When a party executes a mortgage to secure a sum of money which the mortgagee promises to pay to a third person upon a debt of the mortgagor, if the mortgagee refuses to pay the debt, the mortgage being unpaid, can only recover for his failure so to do, by a suit brought upon the special contract.

2. SAME—*when recovery can be had under the common counts, for money had and received.* But the mortgage being paid, and the mortgagor having also been obliged to pay, himself, the debt which the mortgagee agreed to pay for him, he has a right to treat the money which went into the hands of the mortgagee in consideration of his undertaking to pay the debt, as received by the mortgagee to his use, and to recover it back in an action for money had and received, the consideration upon which it was received having wholly failed. In such case it is not necessary to declare specially.

3. ASSUMPSIT—*for money had and received—whether money must actually be paid.* In this case the mortgage was not actually paid in money, but in a purchase of the mortgaged premises by the mortgagee from a subsequent grantee of the mortgagor, it was put in at its face as part payment for the land. Yet this was the same thing as though the mortgage had been paid in money, and the action for money had and received would lie at the suit of the mortgagor upon the failure of the consideration for which the mortgage was given.

4. MEASURE OF DAMAGES—*in an action for money had and received.* Where, in addition to the principal sum which the mortgagee was to pay for the mortgagor, there was usurious interest computed thereon for a given time, and which, with the principal sum, formed the amount of the mortgage which was paid, the measure of damages in an action for money had and received against the mortgagee, would be the whole amount paid upon the mortgage, including the usurious interest.

5. The mortgagor does not, in such case, recover back the usurious interest because it was usurious, but he merely recovers back whatever of principal and interest he has paid, because the consideration upon which it was received has wholly failed.

6. USURY—*cannot be recovered back.* Where usurious interest has been voluntarily paid by a debtor to his creditor, it cannot be recovered back.

7. MISTAKE *in settlement of accounts—whether the parties are concluded.* Although parties may agree upon a settlement made between them, as to the

amount due from one to the other, yet such agreement is not conclusive if it was the result of an error in regard to the items or in the computation of interest.

8. WITNESS — *competency* — *interest.* In an action by a mortgagor against his mortgagee, to recover back money paid upon the mortgage, upon the ground of a failure of the consideration of the mortgage, a subsequent purchaser from the mortgagor, who had sold the premises to the mortgagee and taken the mortgage as a part payment therefor, is a competent witness for the plaintiff. He has no interest in the result of the suit.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

This was an action of assumpsit instituted in the court below, by Samuel Wood against Denison K. Town. A trial of the cause resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,183. The defendant thereupon took this appeal. A sufficient statement of the case will be found in the opinion of the court.

Messrs. PLATO & SMITH and Mr. CHARLES WHEATON for the appellant.

Mr. B. F. PARKS for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The facts of this case, so far as they are material to the opinion of the court, are as follows:

On the 23d of March, 1859, Samuel Wood, the appellee, executed to Town, the appellant, a mortgage upon a farm of the former, to secure the payment of $2,856.47. Soon after the execution of the mortgage, Wood conveyed the land to his sons, Kenyon O. and Theodore, and, before the mortgage matured, they sold and conveyed to Town. In the last transaction, the farm was sold at $12,525, and the mortgage was put in by Town at its face, as a part of the consideration, and considered as paid. The land was sold at $25 per acre, and, so far as it went, the mortgage was applied as payment. The amount of the mortgage

was made up of various items. One was the sum of $621.50, estimated to be the balance due on an old mortgage between the same parties. Another item was the sum of $600, which Town was to advance for Wood in payment of certain executions against the latter in the hands of one Constable Turner. This sum Town never paid, but he claims to have been released from its payment by Wood in a subsequent arrangement entered into between them, by which he insists that he also released Wood from a certain other debt of $500, due him, and not included in said mortgage. After the mortgage was cancelled in the manner above described, Wood brought this suit against Town, on the ground that the latter did not pay the $600 to Turner, and the further ground that there had been a mistake in the computation, as to the balance of $621.50, supposed to be due on the old mortgage. Other errors are also alleged, but the verdict of $1,183, which the jury gave the plaintiff in the court below, seems to have been founded on these items.

The declaration contains a special count for failure to pay the $600 to Turner, and the common counts. The counsel for the appellant insist that even if the proof shows a state of case authorizing a recovery in reference to this item, such recovery could be had only under the special count, and could only be had for the $600, and six per cent. interest from the date of the mortgage. The evidence shows that in giving the mortgage, interest on the $600 was reckoned at the rate of two per cent. per month from the date of the mortgage, for the period of about twenty and one-half months, to the date of its maturity, and this interest was added to the principal, and included in the amount of the mortgage. When the mortgage was settled, although all this interest had not accrued, it was still included in the payment, the mortgage being applied at its face. The court instructed the jury in substance that if they found the plaintiff had a right to recover the $600, he would have the right also to recover all the interest which had been charged upon

it. The objection taken is, that under the special count, which is for failure to pay a specific sum, the measure of damages would be only that sum and the legal interest thereon. We deem it unnecessary to consider this question, for we are of opinion that the $600, if recoverable at all, could be recovered under the money counts, and with this sum, whatever interest had been received by Town upon it. If the mortgage had never been paid to Town, and he had refused to pay the $600, Wood, the mortgagee, being unpaid, could only recover by a suit brought upon the special contract. But Wood, having paid the mortgage, and having also been obliged to pay, himself, the $600 which Town had agreed to pay for him, he has a right to treat the money which went into Town's hands in consideration of his undertaking to pay this debt, as received by Town to his use, and to recover it back in an action for money had and received, the consideration upon which it was received having totally failed. It was not necessary to declare specially. There was money in Town's hands which equitably belonged to Wood. It was obtained by him through a lien on Wood's land, which lien he had acquired, to that extent, under a promise to pay this money. He never paid it, and the money he obtained through his promise to pay it, should be restored to Wood. Having himself disregarded his contract, Wood has the right to treat it as rescinded, and recover back the consideration paid, by this equitable form of action. And this disposes of the objection to plaintiff's third instruction. The plaintiff had a right to recover whatever money he had paid on the mortgage growing out of this $600 contract. He does not recover back the usurious interest because it was usurious—that question cuts no figure in the case—but he merely recovers back whatever of principal and interest he has paid, because the consideration upon which it was received has wholly failed by the act of Town. It would be a singular rule of law which should require us to hold that Town could receive from Wood $600 and interest for twenty months, at two per cent. per month, under

an agreement to pay Turner for Wood $600, and when he does not pay this sum, that he should be obliged to account to Wood only for interest at six per cent.

Whether Wood, by an arrangement with Town, made subsequent to the mortgage, released the latter from all obligation to pay the $600 to Turner, is a question upon which the evidence is contradictory. It was fairly submitted to the jury by the instructions, and we ought not, upon the evidence before us, to set aside their verdict.

The same remark may be made as to the alleged error in the item of $621.50, which made a part of the consideration of the mortgage. This sum was agreed upon by the parties, at the time when the mortgage was given, as the balance due upon an old mortgage upon which Wood had just paid $2,000. The mortgage drew upon its face ten per cent. interest. Reckoning the interest at that rate, there was not due so large a balance as $621.50, the amount estimated in giving the new mortgage. But the counsel for the appellant insist that they in fact computed the interest at fifteen per cent. This they had an undoubted right to do, and if it was done, and the amount voluntarily paid, it cannot be recovered back. But on this point the evidence leaves the case in doubt. The jury, so far as they based their verdict upon this item, found that the parties departed from the letter of their contract, by mistake and not by design, and, as upon the other point, their finding is not so against the evidence as to justify our interference. The question was fairly submitted to them by the court.

It is also urged by the counsel for the appellant that the action for money had and received cannot be maintained because no money was actually received by Town. The mortgage was applied by him, in payment of the farm, at a definite sum. The value of the farm was fixed at $25 per acre, and the mortgage was received in payment to its full amount. It was the same thing, in substance, as if Theodore and Kenyon Wood, who had taken the land from Samuel Wood, subject to the mortgage, had paid the amount of the

mortgage to Town in money, and had then received the money back. The property was received as the equivalent of a definite amount of money, and unless we sacrifice substance to form, we must hold that the action for money had and received will lie.

It is also urged that the court erred in qualifying the fifth instruction asked by defendant. The qualification was proper. As the instruction was drawn, it told the jury, substantially, that if the parties agreed upon the amount due, their agreement was conclusive. The court properly qualified the instruction by telling the jury, in substance, that such agreement was not conclusive if it was the result of an error in regard to the items or in the computation of interest.

It is also urged that Kenyon O. Wood was an incompetent witness, because he was the grantee of plaintiff and grantor of defendant, but we do not perceive what interest that fact gives him in the result of this suit.

Some other objections are taken in regard to the admissibility of certain portions of the evidence, but we presume no confidence is entertained in them. The objections are clearly groundless. We have remarked upon all of the alleged errors which are worthy of consideration.

*Judgment affirmed.*