## SAMUEL H. MAGNER *et al.*

*v.*

## JOHN S. KNOWLES.

| 67  325|
| 41a 623|

1.  CONSTABLE'S BOND—*form of.* The following bond of a constable was held to be in substantial compliance with the statute, and a valid statutory bond: "A B, chosen constable of the town of, etc., and C D and E F, sureties, do hereby, jointly and severally, agree to pay each and every person who may be entitled thereto, all such sums of money as said constable may become liable to pay on account of any execution which shall be delivered to him for collection by virtue of said office. Dated this 8th day of April, 1869."

2.  SAME—*constable's receipt and admissions—evidence against him and his sureties.* In an action on a constable's bond for a failure to pay over money collected by him on execution, the receipt given by him, and his admissions that he had collected the money, are good evidence against him and his sureties.

3.  SAME—*party plaintiff to suit on.* A suit upon a constable's bond, given under the township organization law, not payable to the people, or any one by name, is properly brought in the name of the party injured. It can not be maintained in the name of the people in such a case.

4.  INTEREST. In a suit on a constable's bond to recover moneys collected by him on execution, which he refused to pay over, it is proper to allow interest on the money so collected.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

This was an action brought by John S. Knowles, by his next friend, against Samuel H. Magner, A. Y. Trogden and G. W. Rives, before a justice of the peace, upon the bond of the first named defendant, the others being sureties.

The following is a copy of the bond :

"Samuel H. Magner, chosen constable of the town of Paris, in the county of Edgar and State of Illinois, and A. Y. Trogden and George W. Rives, sureties, do hereby, jointly and

severally, agree to pay each and every person who may be enti-
tled thereto, all such sums of money as said constable may
become liable to pay on account of any execution which shall
be delivered to him for collection by virtue of said office.

Dated this 8th day of April, 1869.

<div align="right">

SAMUEL H. MAGNER,          [seal.]
A. Y. TROGDEN,          [seal.]
G. W. RIVES.          [seal.]"

</div>

It was objected that the bond was not a statutory bond be-
cause of the use of the word "execution" instead of "execu-
tions," and because the following words were wholly omit-
ted : "and all such damages as each and every person may
sustain by reason of any malfeasance, misfeasance, or non-
performance of duty on the part of said constable."

On appeal to the circuit court, the plaintiff recovered the
sum collected by the constable, with interest.

Messrs. TROGDON, McKINDLAY & TANNER, for the appel-
lants.

Mr. R. N. BISHOP, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of
the Court:

There is no error in this record. The bond was in substan-
tial compliance with the statute, and was a good statutory
bond. The receipt given by the constable, and his admis-
sions that he had collected the money, were good evidence
against both him and his sureties. It is not necessary that
an action on a constable's bond should be in the name of the
people. In fact, it could not be, as the bond is not payable
to the people.

Interest was properly allowed on the money collected by
the constable which he refused to pay over.

<div align="right">

*Judgment affirmed.*