WILLIAM W. CHAPMAN

*v.*

FRANCIS G. BURT.

| 77 | 337 |
| 124 | 391 |
| 77 | 337 |
| 137 | 545 |
| 77 | 337 |
| 40a | 35 |
| 77 | 337 |
| 154 | 34 |
| 77 | 337 |
| 47a | 300 |
| 77 | 337 |
| 82a | 243 |

1. NEW TRIAL—*the finding from the evidence.* Where the evidence is
contradictory, conflicting and irreconcilable, and that produced by the
party in whose favor the jury find, when considered alone, and independent

of the opposing testimony, clearly sustains the verdict, it will not be disturbed, unless it is manifest that the jury have mistaken the evidence, or have been governed by passion or prejudice. It is not sufficient that the whole evidence in such a case produces doubt as to which party was entitled to recover.

2. SAME—*on ground of newly discovered evidence.* After protracted litigation, and the submission of a cause to two juries, the court will not grant a new trial on the ground of newly discovered evidence, unless it is manifest that such evidence will change the result. Where such is not necessarily the case, or the new evidence is only cumulative, and by no means conclusive, a new trial will not be granted. ·

3. ATTORNEY AT LAW—*liability where he settles judgment without obtaining the money.* Where an attorney at law settles a judgment recovered by him for his client, by allowing the same in payment of an account against himself, his client may repudiate his act and enforce the judgment, or he may ratify it, and sue the attorney for money had to his use.

4. SAME—*of a demand of money collected, before suit.* Ordinarily a demand is necessary before bringing suit against an attorney for money collected by him; but where it has been collected a long time, and its retention is unexplained, or where the party collecting it has converted it to his own use, no previous demand is necessary.

5. INTEREST—*when recoverable on money collected.* Where an attorney, collecting money belonging to his client, converts the same to his own use, or is guilty of unreasonable delay in paying it over, he will be properly chargeable with interest.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was an action of assumpsit, brought by Francis G. Burt against William W. Chapman. The declaration contained only the common counts. The suit was originally brought in Scott county, and taken by change of venue to Morgan county. There were two trials had, in the first, the jury being unable to agree. The second trial resulted in a verdict in favor of the plaintiff for $640.26, upon which the court rendered judgment. The defendant appealed.

Messrs. MORRISON & WHITLOCK, and Mr. JOHN G. HENDERSON, for the appellant.

Mr. WM. T. COLLINS, and Messrs. DUMMER & BROWN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It appears, from the evidence contained in the record, that appellee placed in appellant's hands, for collection, a note against the Burces and Gilsons. Appellant brought suit on the note, and recovered a judgment against the five makers of the note. The two Gilsons sold their interest in a mill, in which they were part owners, to their partners, the three Burces, they agreeing to pay the indebtedness of the firm, including appellee's judgment.

From 1859 to April 1st, 1867, appellant and the Burces had a large amount of dealings with each other. On this latter date they had a settlement, when the firm gave appellant their note for $550, to balance their accounts.

The two Burces testify that three-fifths of the judgment in favor of appellee was included in appellant's account, on that settlement. Daniel H. Gilson testified that he paid one-fifth of the judgment to appellant on the 21st of April, 1867.

On the other hand, appellant denies that he ever received any portion of the judgment, except a part of a fifty dollar fee which he charged for obtaining judgment upon the note, and making efforts to collect it from the defendants. There was much evidence introduced on the one side to prove that no part of the judgment entered into the settlement, and on the other side that it did.

The jury found a verdict for the amount of four-fifths of the judgment, and interest for the greater portion of the time after April, 1867. A motion for a new trial was entered, which the court overruled, and rendered judgment upon the verdict.

While the evidence before the jury is not of that clear and satisfactory character that is desirable in all cases, and is in many respects entirely contradictory and irreconcilable, yet, if the evidence produced by appellee was to be considered alone, and independent of the opposing testimony, the correct-

ness of the verdict would be beyond doubt, and the same may be said of appellant's testimony.

In such a conflict, it is the peculiar province of the jury to weigh, consider, and reconcile the testimony, if that can be done, and, from the entire evidence before them, ascertain the truth, and so find; and when they have done this, we will not interfere with the finding, unless it is manifest that they have mistaken the evidence or have been governed by passion or prejudice.

The questions of fact involved in this case have been submitted to two juries. The first failed to agree, but the second found the issues for appellee. This fact, of itself, indicates that the finding is not manifestly against the evidence. It may show that there is some doubt in regard to which party is entitled to the verdict, but not that it is clearly wrong.

The jury and the judge before whom the cause was tried, saw the witnesses on the stand, and had every means of determining the credit to be given to the evidence of each witness, while we only see the evidence on paper, and know but little of the fairness of the witnesses, their intelligence, or manner of testifying; and we should never disturb a verdict where it is sustained by a preponderance of the evidence, although slight.

On the trial of the cause, appellee introduced in evidence two receipts given by appellant, one to D. H. Gilson, which states he has received of Gilson his share on the Burt judgment against Gilsons and Burces, and it also contains a clause by which Gilson is indemnified against any further payment on the judgment. The other receipt, by its terms, releases W. E. and C. F. Burce from the further payment of a judgment rendered against Burces and Gilson in "the circuit court of Illinois." While no plaintiff is named in this latter instrument, and no specific court is mentioned, yet it bears date April 1, 1867, the day all agree appellant settled with the Burces; and they testify it was the judgment of appellee against them that was settled and referred to in the receipt, and that they then

allowed appellant a credit of three-fifths of the amount of the judgment, and interest to that date, in their settlement.

This is strong evidence that four-fifths of the judgment was paid to appellant. No effort was made to impeach the receipts, as was done in regard to some of the witnesses who testified on each side of the case; and whatever view may be entertained in regard to the credibility of witnesses, the facts embodied in these receipts, written over the signature of appellant, must be regarded as the *truth*.

These receipts corroborate the witnesses who testify that payments were made as therein stated. It is difficult for us to conceive why appellant would give releases of a judgment belonging to a client, unless the money or its worth had been received.

To overcome this evidence, appellant denies that he ever received any portion of the judgment. and called witnesses to prove that the Burces stated out of court that they had only paid a portion of appellant's fee for obtaining the judgment. But the jury seem to have given weight to the receipts and the testimony of the Burces and Gilson, rather than appellant and his witnesses, who testified to contradictory statements out of court, claimed to have been made several years before the trial, and we are of opinion they were warranted in so doing.

Nor does the statement of the accounts in the settlement, as given in the record, clearly impeach the receipts. One side contends that those accounts fully sustain the receipts and the testimony of the Burces, and the other that they show no such payments were made; and when carefully examined, independent of the testimony of the Burces, we are unable to see that they more than raise a doubt, but not sufficient to overcome the receipts; and when the evidence of the Burces is added to the receipts, it largely preponderates in favor of the payment. They were disinterested witnesses, and they only support the receipts, which were deliberately given by appellant, and, independent of the statements which it was

claimed the Burces had made, and which the jury evidently regarded as of little weight, the evidence fully sustained the finding.

It is, however, claimed that the court erred in refusing to grant a new trial on the affidavits of newly discovered evidence. After such protracted litigation, and after there have been two trials, the court will not grant a new trial unless it is manifest the newly discovered evidence will change the result. As we understand it, such would not necessarily be the case on this evidence. The books of appellant would enable him to give a more full and consistent account of the settlement than he did on the trial, but would not be conclusive of his theory of the case, and we fail to see that they would overcome the force of the receipts. Independent, however, of this, the newly discovered evidence is but cumulative, and is by no means conclusive of the question, as it should be to require the granting of a new trial on such evidence.

It is urged that appellee could not recover, because appellant did not receive money, but a credit on his indebtedness to the defendants in the judgment. Appellee, no doubt, had the right to repudiate his acts because he received something else than money, or he might ratify the act, and sue for money had to his use. This is the rule announced in *Beardsly* v. *Root*, 11 J. R. 464, and *Town* v. *Wood*, 37 Ill. 512.

It is urged that the action could not be maintained without a demand of the money. Ordinarily, in an action of this character, a previous demand of the money collected is required; but where money collected has been held a long time, and its retention unexplained, or if the party collecting it has converted it to his own use, then the law does not require a demand. *Beddell* v. *Janney*, 4 Gilman, 193. Under the facts of this case, it is clear no demand was required, for, if the judgment was collected by appellant, the money was appropriated to his own individual use, and appellee was entitled to interest, as there was an unreasonable delay in the pay-

ment. We have no hesitation in holding the delay of payment unreasonable. It was the duty of the attorney at once to notify his client that he had made the collection, and having failed to do this, he can not escape the payment of interest when he retains the money, or converts it to his own use, or fails to settle with his client in a reasonable time.

We observe no substantial error in the instructions, and after a careful consideration of the whole record, we perceive no error for which the judgment should be reversed. It will, therefore, be affirmed.

*Judgment affirmed.*