# ANDREW J. ROBERTS *et al.*

*v.*

# PARLIN & ORENDORFF.

CONSTABLE'S BOND—*under act of* 1872. A constable's bond, in the form prescribed under the act of 1861, without any obligee, is not valid as a statutory bond under the act of 1872, and can not be enforced as a common law obligation, as it is indispensable that such an instrument shall have an obligee as well as obligor, and be for the payment of a certain sum of money.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

This was an action brought by Parlin & Orendorff, partners, against Andrew J. Roberts and others, before a justice of the peace, and taken by appeal to the circuit court, where the plaintiffs recovered judgment.

Messrs. FULLERTON & WALLACE, for the appellants.

Mr. S. C. CONWELL, and Messrs. DEARBORN & CAMPBELL, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment was rendered by the court below, in favor of appellees, and against appellants, for failure of Roberts to return an execution in favor of appellees, which had been placed in his hands as constable, to execute, on the following instrument:

"Whereas Andrew J. Roberts was, on the 1st day of April, 1873, elected constable for the town of Manito, county of Mason and State of Illinois: Now, therefore, we, Andrew J. Roberts as principal, and John C. Rocker and M. W. Rogers as securities, jointly and severally, agree to pay to each and every person who may be entitled thereto, all such sums of money as the said constable may become liable to pay on account of any execution which shall be delivered to him for collection, by virtue of his office, and all such damages as

each and every person may sustain by reasons of any malfeasance, misfeasance or non-performance of a duty on the part of said constable.

A. J. ROBERTS,   [Seal.]

JNO. C. ROCKER,   [Seal.]

M. W. ROGERS,   [Seal.] "

Dated April 8, 1873.

Had the law of 1861, in relation to the form of the bonds to be given by constables, been in force when this instrument was executed, there could be no question of appellees' right to recover upon it as a statutory bond. *Magner et al.* v. *Knowles,* 67 Ill. 325. But that law was superseded by the act relating to justices and constables, in force July 1, 1872, which act was the law, and the only law, in force on the subject when this instrument was executed. It provides, in the 20th section, " Every constable, before he shall enter upon the duties of his office, shall execute and deliver to the county clerk of the proper county, within twenty days after his election, a bond to be approved by said clerk, with two or more good and sufficient securities, in the sum of not less than $2000, and not exceeding $10,000, conditioned that he will faithfully discharge the duties of his office, etc., * *  The said bond shall be made payable to the People of the State of Illinois." (2 Gross' Statutes, p. 234.) It is palpable, the instrument is not even an attempt at a compliance with this section, and as it can not be pretended that it derives validity from a statute not in force when nor since it was executed, it is only left to be inquired whether it can be enforced as a common law bond. We think it lacks indispensable elements of a common law bond or obligation. It is indispensable to such an instrument that there shall be an obligee as well as an obligor, and that it shall be for the payment of a certain sum of money. 2 Blackstone's Commentaries (Sharswood's Ed.), p. 340; Bacon's Abridgment, title Obligation B; Comyn's Digest, title Obligation A. Here are no obligees, and there is no penalty. But if it shall be said that it is, nevertheless, good, as the evidence of a contract enforceable at common law, we are met with the difficulty that

there is the absence of necessary parties. Contracts can not be made by one party alone.

Our conclusion is, the judgment must be reversed.

*Judgment reversed.*