## CHRISTIAN STERN ET AL,
## v.
## THE PEOPLE, use, etc.

INTEREST—WHEN ALLOWABLE.—As to the allowance of interest in actions purely *ex contractu*, the statute is an absolute guide; but where there is an admixture of tort—where money is tortiously retained—interest may be allowed as damages, independent of the statute, and it is not a question for the jury to find, whether there has been unreasonable delay.

APPEAL from the Circuit Court of St. Clair county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed October 6, 1881.

Messrs. G. & G. A. KOERNER, for appellant; that interest is only allowable as provided by statute, cited Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148; Chicago v. Alcock, 86 Ill. 148.

It is not allowable on open account, on balance of account, unless there has been unreasonable delay, nor in actions upon official bonds: Flake v. Carson, 33 Ill. 518; Myers v. Walker, 24 Ill. 135; Gage v. Chicago, 95 Ill. 593.

Messrs. WILDERMAN & HAMILL, Messrs. NOETLING & HALBERT, and Mr. R. D. W. HOLDER, for appellees; that the law requiring periodical examinations of the accounts of public officers is directory merely, for the benefit of the public, and not to protect the sureties of the officer, cited Detroit v. Weber, 26 Mich. 284; U. S. v. Kirkpatrick, 9 Wheat. 720; U. S. v. Vanzandt, 11 Wheat. 184; U. S. v. Nicholl, 12 Wheat. 505; U. S. v. Boyd, 15 Pet. 187; Jones v. U. S. 18 Wall. 662; Gibbons v. U. S. 8 Wall. 269: Osborne v. U. S. 19 Wall. 577.

The negligence of the county board in failing to remove the officer does not absolve the sureties: Coons v. The People, 76 Ill. 383; Cawley v. The People, 95 Ill. 249; Ryan v. U. S 19 Wall. 514.

Upon the right to recover interest: Frazier v. Laughlin, 1 Gilm. 185; Magner v. Knowles, 67 Ill. 325; Crane v. Dygert, 4 Wend. 675; Bedell v. Janney, 4 Gilm. 193; Chapman v.

Burt, 77 Ill. 337; Dodge v. Perkins, 9 Pick. 368; U. S. v. Curtis, 100 U. S. 119; U. S. v. Meeker, 30 Leg. Int. 344; Chicago v. Gage, 95 Ill. 593; Hughes v. The People, 82 Ill. 78; Bond v. Lockwood, 33 Ill. 212; Barnard v. Bartholomew, 22 Pick. 291; Greeley v. Hopkins, 10 Wend. 96.

PER CURIAM. We have duly considered all the points presented in this case, and deem it unnecessary to say anything except as to one—relating to the allowance of interest. In actions purely *ex contractu*, it is certain the statute is an absolute guide in this respect. Sammis v. Clark, 13 Ill. 544; Hitt v. Allen, Ib. 592. But where there is an admixture of tort—where money is tortiously retained—interest may be allowed as damages, independent of the statute, and it is not a question for the jury to find whether there has been vexatious delay, etc.

We think the court properly instructed the jury in the present instance. LaSalle v. Simmons, 5 Gilm. 513; Magner v. Knowles, 67 Ill. 325; Chapman v. Burt, 77 Ill. 337; 2 Sedgwick on Damages, 7 Ed. 167.

The judgment of the circuit court will be affirmed.

Affirmed.