## SOLOMON T. FISH

*v.*

## R. SEEBERGER.

*Filed at Ottawa October 29, 1894.*

1. FACTOR—*liable to principal for insurance received.* A factor who procures insurance on property consigned to him, the premiums on which are paid by his principal, and receives from the insurance companies payment for losses claimed by him to have been sustained, is liable to his principal therefor, although there was no contract that he should procure the insurance, or duty upon his part to do so, and the property was not, in fact, damaged.

2. SAME—*fraud of upon principal forfeits commissions.* A factor who conceals from a principal who has consigned goods to him the fact that he has collected insurance money for damages to such goods, and that they have been subject to damage by fire, and refuses to render an account of the moneys received, with the intent to defraud his principal, forfeits all right to commissions.

3. INTEREST—*factor liable for, on insurance money received.* A factor who receives insurance moneys upon property consigned to him is liable to his principal for interest thereon, at least from the time the principal demands and he refuses to pay the same.

*Fish* v. *Seeberger,* 47 Ill. App. 580, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This was an action of assumpsit, brought by appellee, against appellant, to recover certain insurance money claimed to have been received for loss on certain butter. The declaration consists of two counts, the first alleging that defendant was engaged in the business of selling produce on commission at Chicago, and that plaintiff shipped to him two car-loads of butter to be stored and sold; that defendant stored a part of the same and had it insured, plaintiff paying the insurance premiums; that the butter so insured was injured by fire, and the defendant collected the insurance thereon to the amount of three

and one-quarter cents per pound, but refused to pay the same to plaintiff. The second count is substantially the same as the first. The common counts were also filed. Plea of general issue was filed, and an agreement by the parties that defendant might make any proper defense under that plea. A trial by jury resulted in a verdict for plaintiff for $1079.49, on which judgment was entered. Defendant appealed to the Appellate Court, and that court affirmed the judgment of the circuit court.

The facts stated by the Appellate Court are substantially as follows: Appellant, a commission merchant, had in the year 1889 a large quantity of butter belonging to appellee, which had been sent to him for sale. This butter had been stored by appellant in a certain warehouse in the city of Chicago awaiting sale, and while in such warehouse, on November 4, 1889, a fire occurred in "Warehouse A," which was west of and adjoining "Warehouse B," in which the insured butter was stored, by which fire it was claimed by appellant, in proofs of loss afterwards made by him to the insurance companies, that the butter was damaged. Prior to the fire appellant had taken out policies of insurance in his name on "merchandise, consisting chiefly of salt butter, eggs, fruit, and other country produce, etc., then owned or held in trust by him on commission or on joint account, or sold but not delivered." In his proofs of loss under the policies he claimed for damages to 1375 packages of butter, which he appraised at twenty cents per pound, but agreed with the insurance companies to submit the matter of loss and damage to arbitrators. The arbitrators chosen in pursuance of that agreement examined the butter, and allowed appellant damages on the 1375 packages, containing 75,053 pounds, at three and one-quarter cents per pound, amounting to $2536.72, and $30 for expense of handling. Appellant was authorized by appellee to sell the butter at ten and one-half cents per pound, and very shortly thereafter he did sell it, but, as

he says, at ten cents per pound. In rendering his account to appellee for such sale he made no mention whatever of having received anything on insurance for loss or damage, but did charge him with insurance premiums paid. To this charge appellee at first objected, but afterwards allowed the same. Thereafter, having learned that appellant had received from the insurance companies damages for loss, as above stated, he demanded the same from him, and on his refusal to pay over the money brought this suit.

MOSES, PAM & KENNEDY, for appellant.

GEORGE C. FRY, for appellee.

BAKER, J.: Counsel for appellant contend there was no contract for the insurance of the butter, and that in the absence of such a contract it was not the duty of appellant to insure the same, and therefore plaintiff below was not entitled to recover. Also, that appellee repudiated the insurance, and for that reason is entitled to derive no benefit from it. It is a sufficient answer to the first position to say that appellant did procure insurance on appellee's property in his hands as agent, and whether there was a contract requiring him to do so, or whether it was his duty to do so or not, he cannot be heard to say that appellee shall not have the money received from that insurance. This proposition we consider too plain to call for argument or the citation of authorities in support of it. As a matter of fact, the insurance was not repudiated. He was charged with and paid the premiums on the same, and though he may have done so reluctantly, he lost no right thereby.

It is insisted that the trial court erred in not permitting appellant to introduce evidence tending to show that the butter belonging to appellee was not, in fact, damaged. The competency of this evidence is based upon the assumption that appellant had other butter in store covered by the insurance than that belonging to appellee,

and that all the damage done was to such other butter. It is not, however, pretended that the money collected from the insurance companies was upon any such theory. The claim there made and allowed was, that all the butter stored in the warehouse—1375 packages—was damaged. Having collected the insurance on appellee's property, it does not lie in his mouth to say the property was not damaged. If his excluded testimony had been accompanied with an offer of proof that the insurance money received was for butter other than that belonging to appellee, a different case would have been presented. The material question was, did appellant collect insurance on appellee's property.

It is further objected, that the trial court erred in refusing certain instructions asked by the defendant. The argument in support of this point proceeds upon the theory that appellant could insure the property of appellee, collect the premiums from him for the insurance, submit to the insurance companies a claim for damages to such property and collect damages for the loss, and still refuse to account for the money collected, because there was no contract between the parties that the property should be insured, although it had been consigned to him to sell, and was in his possession for that purpose when insured, and can also set up a defense that the property was not injured. As we have already seen, this theory is wholly untenable. There was no error in the refusal of instructions.

The third instruction given on behalf of plaintiff was to the effect that he was entitled to recover from the defendant interest on money collected by him from the insurance companies on account of damages to plaintiff's property from the time he demanded payment thereof, and it is contended this was error. The theory of plaintiff's case is, that the defendant had received money belonging to him, and wrongfully refused and neglected to pay over the same, even after demand. If, as has been

found by the jury and Appellate Court, that theory is sustained by the evidence, this instruction is clearly right, and even more favorable to the defendant than he had a right to ask. *Chapman* v. *Burt*, 77 Ill. 337.

Appellee's fourth instruction, to which counsel object, lays down the principle that it is the duty of an agent or commission merchant to render full accounts of money received for and on account of his principal, and that if appellant collected and received from insurance companies moneys for loss or damage to property of appellee in his hands as agent, and after the receipt of such moneys rendered an account to appellee of moneys received by him from sale of goods, but neglected or refused to render an account of the moneys so received from such insurance companies, for the purpose and with the intent to wrong and defraud appellee, then he thereby forfeited all right to commissions earned in the sale of the property. The rule is well settled that an agent is only entitled to commissions upon a faithful performance of all the duties of his agency. One of these duties is to render to his principal statements of all money received and profits made through his agency. (*Brannan* v. *Strauss*, 75 Ill. 234; Story on Agency, sec. 331.) The evidence tends to show that appellant intentionally concealed not only the fact that he had collected insurance money for and on account of damages to his principal's property in his hands, but also concealed the fact that it had been subject to damage by fire. In view of this evidence the instruction was proper, and we think correctly stated the law.

We think the Appellate Court properly disposed of this case, and its judgment will be affirmed.

*Judgment affirmed.*