## Chicago City Ry. Co. v. Estella L. Peacock,

1. VERDICTS—*On Conflicting Evidence—Conclusive.*—Where the evidence is conflicting and irreconcilable, and that produced by the party in whose favor the jury find, when considered alone and independent of the opposing testimony, sustains the verdict, it will not be disturbed, unless it is manifest the jury have mistaken the evidence, or have been governed by passion or prejudice.

**Action for Personal Injuries.**—Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

WM. J. HAYNES and W. J. FERRY, attorneys for appellant.

The verdict of the jury was manifestly against the weight of the evidence, and ought to be set aside. North Chicago St. Ry. Co. v. Lotz, 44 Ill. App. 78; Moore v. Mauk, 3 Ill. App. 114; C., R. I. & P. Ry. Co. v. Herring, 57 Ill. 59; C. & A. R. R. Co. v. Purvines, 58 Ill. 38; N. C. St. R. R. Co. v. Fitzgibbons, 54 Ill. App. 385; City of Chicago v. Lavelle, 83 Ill. 482.

CHARLES HUGHES, attorney for appellee; WM. E. HUGHES, of counsel.

The jury is the sole judge of the credibility of witnesses. DeLand v. Nat. Bank, 111 Ill. 327; Singer M. Co. v. Price, 26 Ill. App. 415; C. & A. R. R. Co. v. Fisher, 38 Ill. App. 33, 141 Ill. 614.

The credit to be given to witnesses is given over by law to be settled exclusively by the jury trying the cause. Chicago H. Cab Co. v. Harelick, 33 Ill. App. 151; Anderson v. People, 34 Ill. App. 87; Kennedy v. Sullivan, 34 Ill. App. 55; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

When there is a conflict in the evidence it is for the jury, not the court, to determine which side to believe, and

which witness to believe. Travers v. Snyder, 38 Ill. App.
386; Durant v. Rogers, 87 Ill. 508.

In an action on the case for negligence, the jury are the
sole judges of the fact of negligence. I. C. R. R. Co. v.
Simmons, 38 Ill. 242; C. & A. R. R. Co. v. Pondrom, 51
Ill. 333.

When the evidence is conflicting the verdict must be
regarded as settling the controverted facts. Kightlinger v.
Egan, 75 Ill. 141.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee recovered a verdict and judgment for $7,187,
in a suit for injuries to her person, sustained through the
alleged negligence of appellant, by its servants, whereby,
when alighting from one of its street cars, she was violently
thrown to the ground.

The bill of exceptions shows that in passing upon the
motion for a new trial the eminent judge presiding at the
trial said:

"If the jury believed the testimony of the plaintiff and
her two witnesses they were justified in giving her a ver-
dict. I don't believe them myself. The great preponder-
ance of the evidence is against the verdict—the great
preponderance of the testimony of those who were best
able to know and entitled to belief; but the courts have
sometimes held that if the evidence of the plaintiff uncon-
tradicted is sufficient to support a verdict the court should
not disturb it. The law makes the jury, not me, the judge
of the credibility of the witnesses. I will let you take it to
the Appellate Court. I hope they will grant you a new
trial. The motion for a new trial is overruled."

That statement by a judge whose words are rarely mis-
applied, and whose learning is as great as his judicial
impartiality is proverbial, has made us look at the facts of
the case and the law that is applicable, with the utmost
care.

The controlling inquiry in the case is, had the car stopped,
and while the appellee was in the act of stepping off, was it
suddenly started, thereby throwing her.

Chicago City Ry. Co. v. Peacock.

The theory of the defense is, that appellee, without waiting for the car to stop, stepped off while it was yet in motion, and that she was thrown because of her own contributory act.

It would do no good to recapitulate the testimony. It is enough to say that it so manifestly and decidedly preponderates, both in number of witnesses and their respective opportunities for knowing whereof they testify, that it is our duty to so order as that another jury may pass upon the question.

We need not here repeat the cases which are referred to in Elguth v. Grueszka, 75 Ill. App. 281, making this course incumbent upon us when the verdict is manifestly opposed to the great weight of evidence.

The case of Ill. Cent. R. R. Co. v. Ogle, 92 Ill. 353, also contains a summary of many previous decisions by the Supreme Court bearing upon the subject.

The syllabus of Chapman v. Burt, 77 Ill. 337, is there quoted as having been said by the court, as follows:

" Where the evidence is contradictory, conflicting and irreconcilable, and that produced by the party in whose favor the jury find, when considered alone and independent of the opposing testimony, clearly sustains the verdict, it will not be disturbed, unless it is manifest the jury have mistaken the evidence, or have been governed by passion or prejudice."

We regard that as being a comprehensive rule applicable to this case and as governing it. It is here plainly manifest that the jury either mistook the weight of the evidence or were so prejudiced against the appellant as to be unable to give it a fair and impartial trial.

We regard it as our plain duty to reverse the judgment and remand the cause for another trial.