People of the State of Illinois, for use of Dr. I. J. Straus, Defendant in Error, v. The Title Guaranty & Surety Company, Plaintiff in Error.

## Gen. No. 15, 230.

1. MUNICIPAL COURT—*what not "statement of facts" or "stenographic report," as provided for by Act.* Held, that a document contained in this cause was neither a "statement of facts" nor a "stenographic report" such as is provided for by the Municipal Court Act as a substitute for the common law bill of exceptions.

2. BONDS—*when demand not condition precedent to maintenance of action.* In an action upon a constable's bond brought long after the return day of an execution for his failure to make return thereon, etc., a demand prior to suit for money collected, is not an essential prerequisite to the maintenance of the action.

3. BONDS—*what evidence competent against surety.* In an action upon a constable's bond the admission of the constable that he received certain money under the execution is admissible against the sureties upon such bond.

4. RES JUDICATA—*when judgment upon constable's bond not.* If an action be brought upon a constable's bond and the judgment rendered thereon is only for the damages of the plaintiff in that suit, it is not a bar to a subsequent action by another plaintiff; had judgment in such case been rendered for the penalty of the bond then a party having a right of action under such bond would have a remedy in the former action by *scire facias.*

Error to Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

SHERIFF, DENT, DOBYNS & FREEMAN, for plaintiff in error.

CAMERON & MATSON for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant in error brought an action of the fourth class in the Municipal Court against plaintiff in error and one Schmidling. The summons was returned not found as to Schmidling and the other defendant entered its appearance. The trial, by the court, resulted in a judgment for the plaintiff against the defendant corporation for $3,000 debt and $10 damages and costs, in the usual form, to reverse which this writ of error is prosecuted.

We do not regard the "Statement of Facts" found in the record as either, "a correct statement of the facts appearing on the trial and of all questions of law involved in the case, with the decision of the court on such questions of law," within the meaning of the Municipal Court Act, or as the equivalent of the stenographic report therein provided for.

It begins with a statement that the plaintiff introduced a certified copy of bond of Constable Schmidling, dated April 27, 1905, signed by him and the other defendant under its then name, but the bond is not set out nor is there any statement of its conditions or provisions. It then states that plaintiff called a witness who testified "in substance" as therein set forth; that each party introduced certain documents which are set forth and that defendant called a witness who testified "in substance" as therein set forth. It does not appear from the instrument that it contains all of the evidence, and there is in it no finding of a fact either ultimate or evidentiary. It sets forth no ruling of the court adverse to the defendant other than the denial of its motion for a non-suit and to dismiss for want of jurisdiction. The grounds of reversal here urged are all based on the "State-

ment of Facts" in the record. That statement is not a "Statement of Facts" because it does not purport to contain any finding of facts. It cannot be regarded as the equivalent of the stenographic report provided for in the Act, because it does not purport to contain all of the evidence. The judgment might properly be affirmed on the ground that the questions argued are not saved for review by the "Statement of Facts" in the record.

Both parties however treat that statement as saving for review the questions argued in the briefs and we will so treat it.

We do not think that any demand was necessary before bringing suit on the constable's bond, because the suit was not brought until long after the return day of the execution. The evidence for the plaintiff shows that Straus recovered before a justice of the peace a judgment against Brown for $15 and costs January 24, 1904, and that an alias execution was issued thereon May 29, 1905. Mr. Cameron testified for the plaintiff, without objection on the part of the defendant, that he was an attorney of the plaintiff in the judgment; that about May 29, 1905, he handed the execution issued on said judgment to Schmidling, "who subsequently stated to witness that he collected $15 under said execution; that witness told Schmidling he would allow him $5 from the proceeds of the execution for his remuneration; that Schmidling then agreed to pay over the balance to witness; that Schmidling has never turned over to him the money collected, or any part thereof, and that said execution has never been returned."

Evidence of the admission of the constable that he had collected $15 under the execution was good evidence against the defendant, the surety on his bond. Magner v. Knowles, 67 Ill. 325; Rhode v. McLean, 101 id. 467; Swift v. Trustees, 189 id. 584.

The evidence on the part of the plaintiff made a *prima facie* case against the defendant. The only evidence introduced by defendant was evidence that in an action before another justice of the peace by the People, etc., for the use

of Duncan Moore against the defendants to this action, plaintiff had judgment December 16, 1905, for $29.70 and costs, which was paid and satisfied, and the testimony of a witness that said judgment was recovered on the bond on which this action is based.

The contention of plaintiff in error that the judgment so recovered is a bar to the present suit is without merit. If the judgment was on the bond sued on in this case, the judgment should have been for the penalty of the bond as debt and the actual damages of the party suing on the bond as damages. If such a judgment had been rendered the beneficial plaintiff in this case would have had his remedy by *scire facias* in that case. The justice's docket in that case shows that the surety was served with process, that the constable entered his appearance, that after several continuances "the defendants defaulted," etc.

To hold that such a judgment as was rendered in that case is a bar to this action, would be to put it in the power of the obligors in a constable's bond, and an accommodating plaintiff, who had a right of action on the bond, to put it out of the power of any other person to maintain an action on the bond.

We think the trial court properly held that the judgment in the other action was not a bar to this action, and the judgment is affirmed.

*Affirmed.*