FEDERAL BOND & MORTGAGE CO. *v.* SHAPIRO.

1. MORTGAGES—RIGHT OF ACTION FOR UNPAID INSTALLMENT DUE —ASSIGNMENTS.

Plaintiff, holder of a mortgage on land sold subject to its own mortgage as well as another subsequently executed by defendant's grantors, could maintain an action for an installment due and unpaid on its mortgage without bringing foreclosure proceedings, where defendant's grantors had assigned to plaintiff all their rights under defendant's agreement to assume and pay said mortgages in the deed given him by them.

2. SAME—PROMISE BY PURCHASER TO PAY MORTGAGES—CONSIDERATION—DEFAULT.

Defendant's grantors, being personally liable under the mortgage given by them, have a direct pecuniary interest in having the first mortgage satisfied without resort to foreclosure and possible resultant personal liability occasioned thereby under the second mortgage, and this constituted a good and sufficient consideration for defendant's promise to pay both mortgages, and gave his promisees a right of action to recover under the agreement in case of his default.

3. SAME—DEFAULT—RIGHT OF PROMISEE TO BRING ACTION BEFORE PAYING INSTALLMENT DUE.

Since the right of the promisees or their assignee to sue and recover accrued upon defendant's default, plaintiff was not required to pay the installment due before bringing action therefor.

4. SAME—RIGHT OF ACTION—ASSIGNMENTS—MERGER.

While the right of action under the promise to pay the mortgages was not assignable in general, it could be assigned to plaintiff, mortgagee in the first mortgage, since it is the party to whom payment was in fact agreed to be made by defendant, and the result is a merger of the right of the promisees to sue and recover with the right of the mortgagee to have the recovery applied upon the mortgage.

Certiorari to Wayne; North (Walter H.), J., presiding. Submitted May 4, 1922. (Docket No. 109.) Decided June 5, 1922.

Assumpsit by the Federal Bond & Mortgage Company against Samuel Shapiro for an unpaid installment and interest due on a mortgage. From an order denying a motion to dismiss, defendant brings certiorari. Affirmed.

*Friedman & Meyers* (*Myron A. Schlissel,* of counsel), for appellant.

*Stevenson, Carpenter, Butzel & Backus* (*Thomas G. Long* and *Warren E. Talcott,* of counsel), for appellee.

WIEST, J. Plaintiff holds a mortgage on certain real estate to secure the payment of $25,000, payable in installments, one of which, amounting to $1,500, fell due September 8, 1921. The maker of the mortgage sold the mortgaged premises to Max Stotter and wife, and they, after placing a second mortgage of $20,000 on the premises, sold and conveyed the same to defendant on March 22, 1921.

The deed to defendant contained the following:

"Said premises are free from all incumbrances whatever except existing mortgages in the amount of forty-five thousand dollars ($45,000.00), which the said party of the second part hereby agrees to assume and pay."

The installment of $1,500, together with interest upon the mortgage, was not paid by the defendant when it was due, and defendant had not paid the same when this suit was brought.

September 29, 1921, Stotter and wife, by indenture, assigned to plaintiff all their right and interest in the agreement contained in the deed given by them to Samuel Shapiro, with full right to maintain in

its own name any action or actions upon said agreement. Thereupon plaintiff brought this suit to recover the installment and interest due on the mortgage. The declaration filed in the suit fully set forth the matters upon which plaintiff claims the right to recover. Defendant moved to dismiss the suit on the ground that plaintiff could not maintain an action at law on the facts stated, but its remedy, if any, against defendant was under foreclosure on the equity side of the court.

The motion to dismiss was denied and defendant seeks review on writ of certiorari.

Counsel for defendant invoke the rule that the agreement in the deed is a contract for the benefit of a third party and, therefore, not enforceable by the third party either at law or in equity and defendant's liability under his agreement cannot be enforced except in foreclosure.

The plaintiff claims the rule invoked by defendant has been changed by the judicature act and a contract for the benefit of a third party may now be enforced by a third party either at law or in equity, and that the rule never had any relation to the enforcement by the promisee of a promise made to him for the benefit of a third party.

No foreclosure proceedings have been commenced. We do not find it necessary to pass upon the right of a mortgagee to sue a grantee of the mortgagor under an agreement like that in this suit, nor to determine whether the judicature act affords such a remedy to the mortgagee. If Max Stotter and wife could have sued defendant upon his promise and default, then we can see no good reason why the plaintiff, as assignee of their right of action, cannot maintain this suit. Any recovery had herein carries out the very obligation defendant placed upon himself. Plaintiff is not suing solely upon defendant's promise to third persons

to pay plaintiff, but also as assignee of the right of action of the promisees and, therefore, the only party entitled to recover. Defendant cannot be permitted to defeat the right of his promisees to assign their right of action growing out of his default to the party to whom he agreed to make payment and thereby escape the liability resting upon him.

We may apply the rule that a promise made by one person to another for the benefit of a third person, a stranger to the consideration, will not support an action by such third person against the promisor (*In re Bush's Estate,* 199 Mich. 192), and yet not at all decide the issue here.

Passing the question of whether the plaintiff was a stranger to the consideration of the promise, brings us to the fact that the promisees were not strangers thereto, and by assignment of their right of action under the promise arising out of the failure of the defendant to perform, the plaintiff stands in the shoes of the promisees and may maintain such an action as they could bring.

Under the law must the promisees sit by and wait for foreclosure of this first mortgage and, unless there is a deficiency to which they are made to respond, have no remedy? Such a holding would make the promise of the defendant one of indemnity only, and while there might be no deficiency under the foreclosure of this mortgage, the foreclosure thereof might materially affect the security of the second mortgage and consequent personal liability of defendant's promisees thereunder.

The promise was to pay the mortgages, not simply to indemnify the promisees if they were made to pay. But it may be said that the promisees had not assumed the payment of plaintiff's mortgage and were under no obligation to pay the same and, therefore, defendant's default has not damnified them. Authority is

not wanting to the effect that even where the grantee has assumed the mortgage, he will not be liable for the debt if his grantor was not liable, since the assumption cannot in such case be a part of the consideration for the purchase. See 9 Enc. Pl. & Prac. p. 469, and cases there cited. But authority is wanting to the effect that when the grantors are liable upon a second mortgage given by them, and their grantee assumes and agrees in the deed of conveyance to pay both the first and second mortgages, they have no remedy if the promisor makes default in paying the installments as they fall due under the first mortgage.

Defendant's grantors, being personally liable under the second mortgage, given by them, have a direct pecuniary interest in having the first mortgage satisfied without resort to foreclosure and possible resultant personal liability occasioned thereby under the second mortgage, and this constituted a good and sufficient consideration for defendant's promise to pay both mortgages and gave his promisees a right of action to recover under the agreement in case of his default. The right of the promisees to sue, and recover, accrued upon defendant's default and they were not required to pay the installment before bringing suit. *Locke* v. *Homer*, 131 Mass. 93 (41 Am. Rep. 199) ; *Baldwin* v. *Emery*, 89 Me. 496 (36 Atl. 994).

It is true that defendant's promise was not to pay anything to his grantors but to pay to the mortgagee; the consideration, however, for such promise moved from the defendant's grantors to defendant and the agreement was for their benefit. If such promise by defendant is held personal to the promisees, it is only so in the sense of securing the application of the proceeds of an enforcement thereof in satisfaction of the obligation to pay the mortgage, and, while not a right of action assignable in general, it could be assigned to plaintiff, it being the party to whom pay-

ment was in fact agreed to be made by defendant. The debt sued for was at all times due from defendant to plaintiff and the merger of the right of the promisees to sue and recover, with the right of the mortgagee to have the recovery applied upon the mortgage, affords an excellent opportunity to work out exact justice to all parties.

The learned circuit judge reached the right conclusion and the writ prayed for is dismissed, with costs to plaintiff.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.