SHOCKLEY, Respondent, vs. ROELLI and others, Respondents, and OLSON and another, Appellants.

*December 7, 1925—January 12, 1926.*

*Mortgages: Agreement of purchaser of lands to pay: How evidenced: Parol promise.*

1. An agreement by a purchaser of land to pay a mortgage thereon need not be in the deed of conveyance, but may be in a land contract pursuant to which the deed is given, or it may be an oral promise. p. 565.
2. Where a vendor at the request of the vendee, who had agreed to pay the mortgage, conveyed the land to another, the vendor performed his contract with the vendee, and the latter was liable for a deficiency on foreclosure of the mortgage. p. 565.

APPEAL from a judgment of the county court of Lafayette county: J. B. SIMPSON, Judge. *Affirmed.*

Action to foreclose a mortgage. The trial court found these facts: *Roelli* and wife entered into a written land contract with *Oscar J. Olson* and *Melvin J. Olson* for the purchase of certain tracts of land wherein the *Olsons*, as a part of the purchase price, agreed to pay two outstanding mortgages against the land. Before the time came for the delivery of a deed to the *Olsons* they sold the land to *Mrs.*

*Lee.* The *Roellis* offered to deed to the *Olsons,* but they were requested by the *Olsons,* as an accommodation to them, to name *Mrs. Lee* as the grantee in the deed, and they did so and delivered the deed to the *Olsons* and they to *Mrs. Lee.* She gave a new note and a new mortgage to plaintiff for the two old ones and it is this latter mortgage that is foreclosed. The trial court held that in case of a deficiency the parties were personally liable in the order named—*Mrs. Lee,* the *Olsons,* and the *Roellis.* From a judgment entered accordingly the *Olsons* appealed.

For the appellants there was a brief by *Conley & Conley* of Darlington and *Kopp & Brunckhorst* of Platteville, and oral argument by *L. A. Brunckhorst* and *E. F. Conley.*

*John J. Boyle* of Darlington, for the respondent *Roelli.*

VINJE, C. J. The facts found by the trial court are sustained by the evidence, and the only question raised by the appeal is one of law. Are the *Olsons* personally liable for a deficiency judgment? They claim they are not because no deed assuming liability of the mortgage was executed or delivered to them. The defense fails for two reasons: First, the agreement to pay a mortgage need not be in the deed. It may be in a separate instrument. Here it was contained in the land contract. That was sufficient. 4 Ballard, Ann. Law Real Prop. sec. 535; 3 Tiffany, Real Prop. (2d ed.) § 623; 14 Ballard, Real Prop. § 546; 2 Devlin, Deeds (3d ed.) § 1067. The promise may be enforced even though it is only an oral one. 4 Ballard, Ann. Law Real Prop. sec. 535; 2 Devlin, Deeds (3d ed.) § 1073. Second, the deed from the *Roellis* to *Mrs. Lee* was a substituted performance of the contract between them and the *Olsons* and bound the *Olsons* as effectively as though the deed had been to them. *Webster v. Tibbits,* 19 Wis. 438. In this case A. agreed to convey land to B., but at B.'s request he conveyed it to C. *Held,* that A. had performed

his contract with B. and could maintain an action against him for the unpaid purchase money.

In *Pike v. Seiter,* 15 Hun, 402, we have a parallel case. Seiter entered into a written contract for the purchase of land and agreed therein to pay a mortgage on it. When it came time to deliver the deed, at Seiter's request it was made to his wife. *Held,* Seiter was personally liable for a deficiency. See, also, 2 Devlin, Deeds (3d ed.) § 1072.

*By the Court.*—Judgment affirmed.