# Richmond

LINBROOK REALTY CORPORATION V. PELL S. ROGERS.

March 24, 1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*Williams & Mullen, Guy B. Hazelgrove* and *Ralph T. Catterall,* for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by Pell S. Rogers against Linbrook Realty Corporation to recover the sum of $1,029.08, due, as alleged, under and by virtue of a contract in writing, dated June 12, 1928.

The plaintiff was the owner of certain real estate situated at 1817 Hull street, in the city of Richmond, which he purchased from W. P. Varnier and wife. When the plaintiff purchased the property he assumed the payment of a deed of trust for $6,500.00 to secure certain negotiable notes executed by Varnier.

On June 12, 1928, plaintiff entered into a contract with the defendant for the sale of the Hull street property at the purchase price of $16,000.00—$9,500.00 payable in cash and the assumption by the defendant of the deed of trust securing the $6,500.00. On the same date, plaintiff entered into a contract with defendant to purchase certain property located at 302 Cleveland street, in Richmond. The terms of the contract were: Consideration $26,000.00, payable $9,500.00 cash, the assumption of a first deed of trust upon the property for the sum of $15,000.00, and the execution of a deed of trust to secure the sum of $1,500.00, the residue.

Following the execution of these two contracts, the defendant, on the 12th day of June, 1928, sold by contract in writing the Hull street property to Simon Euksuzian, for the sum of $10,500.00. As a part of the consideration,

Euksuzian assumed the payment of the first deed of trust of $6,500.00. The latter contract was signed by Euksuzian but does not appear to have been signed by defendant. However, on June 22, 1928, the defendant requested the plaintiff, instead of conveying the Hull street property to it, to convey the same to Euksuzian. Euksuzian was a stranger to plaintiff and it does not appear that plaintiff was acquainted with the terms of his contract with defendant when the deed was made to him. In the latter deed it was stipulated that the conveyance was made subject to the first deed of trust, instead of an assumption of the same by Euksuzian. The evidence is conflicting as to whether ' or not the Euksuzian deed was delivered to the defendant for delivery to Euksuzian, but the preponderance of the evidence is in favor of the plaintiff.

Subsequently there was a default in the payment of the first deed of trust and the Hull street property was sold at public auction and there was a deficiency of $1,029.08. Varnier, the holder of the notes, brought an action against plaintiff for the deficiency and obtained a judgment for the full amount. Prior to the payment of the Varnier judgment plaintiff brought his action against defendant to recover, under the contract of assumption entered into on June 12th, and obtained the judgment complained of.

The defendant assigns four errors which involve the consideration of the following questions: (1) Whether the written contract of sale of the Hull street property, between the plaintiff and defendant, is admissible in evidence to show the true consideration and can be relied upon as a valid ground of recovery. (2) Whether there was a novation of the debt by virtue of the conveyance to Euksuzian. (3) Whether the plaintiff can maintain his action for the deficiency under the deed of trust against defendant without first satisfying the judgment of Varnier against him.

In this case the question of an exchange of properties is

not raised. The reliance of the plaintiff is upon a contract of sale whereby the defendant assumed the payment of the deed of trust debt. The main reliance of the defendant is that when a deed has been executed and delivered as a performance of an executory contract for the conveyance of real estate, then the rights of the parties rest thereafter solely in the deed, although the deed may vary from the executory contract, and that the true consideration is that expressed in the deed.

It is frankly conceded by the eminent counsel for the defendant that the action of the trial court in permitting the introduction of the contract as evidence and sustaining a recovery thereon was based upon the holding of the Special Court of Appeals in *Swain* v. *Virginia Bank and Trust Company*, 151 Va. 655, 144 S. E. 645, 648. But it is argued that the *Swain Case* should be reviewed and the conclusions expressed therein be distinguished from the case at bar.

It appears in the *Swain Case* that Paul Bukva was the owner of real estate in Norfolk, which he encumbered by three deeds of trust to secure notes executed by him. Default having been made in the payment of taxes on the property, a sale was had under the third deed of trust, at which sale Mrs. Irma G. Becker became the purchaser at a nominal price, the property being conveyed to her subject to the two prior deeds of trust. Subsequently, a sale or exchange of properties was arranged between Mrs. Becker and A. C. Swain and wife. Under the terms of the contract the Swains assumed the payment of the two existing deeds of trust on the property. When the property, however, was conveyed to the Swains, the deed only conveyed same subject to the deeds of trust. Default having been made in the payment of some of the notes secured in the first deed of trust, the trustee, at the instance of the Virginia Bank and Trust Company, holder of the notes, foreclosed the property and upon such foreclosure there was a deficiency amounting

to $3,297.41. Thereupon, for some reason not disclosed by the decision, the Virginia Bank and Trust Company instituted suit against Paul Bukva, A. C. Swain and Anna P. Swain, claiming a right to require payment of said balance by Bukva as in effect the mortgagor and creator of the indebtedness, and the Swains, by reason of their contract in which they agreed to assume payment of Bukva's indebtedness as part of the consideration flowing from them upon their acquisition of the property. Upon the final hearing, the chancellor decreed in favor of the complainant, and the Swains appealed.

In the opinion of the court, delivered by Judge Crump, it is said:

"The vital question raised upon this appeal is whether the failure to insert in the deed from Irma G. Becker to Swain an express provision or covenant that the grantee should assume payment of the $12,000.00 lien relieves the grantee of liability for such payment, or on the other hand whether the assumption of the lien in the contract could nevertheless be shown by the mortgagee or lienholder and be relied upon by the latter as a valid ground of recovery.

\* \* \* \* \* \* \* \* \* \* \*

"It is argued on behalf of the appellants that the contract embracing the result of negotiations leading to the execution of the deed from Mrs. Becker to the Swains became merged in the deed, and as the deed contained no assumption clause, the contract did not furnish a basis for a suit by the lien holder or mortgagee.

"The law is well settled to the contrary both in Virginia and other jurisdictions. It is a recognized rule that, independent of or in explanation of the recitals in a conveyance of real estate, the true consideration agreed upon may be shown, not only by a collateral writing stating the actual consideration, but by parol evidence as well.

"In *Goode* v. *Bryant*, 118 Va. 314, on page 322, 87 S. E.

588, 591, the court says: 'It is shown by uncontroverted evidence, and it is further to be inferred from the circumstances, that Bryant for himself and wife verbally agreed to assume and pay the debt secured by the Jones deed of trust. This verbal agreement was just as effective and binding as if it had been recited in the contract and conveyance.' And see *Echard* v. *Waggoner*, 126 Va. 238, 101 S. E. 245; *Midkiff* v. *Glass*, 139 Va. 218, 123 S. E. 329.

"In *White* v. *Schader*, 185 Cal. 606, 198 Pac. 19, 21 A. L. R. 499, 504, and copiously annotated, the court holds:

" 'It is not necessary that there should be a formal promise, on the part of the grantee, to pay the mortgage debt, in order to render him liable therefor, if his intention to assume the debt appears from a consideration of the entire instrument. The obligation may be made orally or in a separate instrument; it may be implied from the transaction of the parties, or it may be shown by the circumstances under which the purchase was made, as well as by the language used in the agreement.'

"See, also, 3 Tiffany on Real Property (2nd ed.), page 2485, *Shockley* v. *Roelli*, 188 Wis. 564, 206 N. W. 856.

"In the instant case, the deed merely recites the purchase price as $10.00 and 'other considerations deemed valuable in law,' necessarily requiring explanation; and is plainly a reference to the covenants in the agreement."

Counsel for the defendant, in their effort to differentiate the *Swain Case* from the case at bar, rely upon the decisions of this court in *Shenandoah Valley R. R. Co.* v. *Dunlop*, 86, Va. 346; 10 S. E. 239; *Stephen Putney Shoe Co.* v. *R., F. & P. R. R. Co.*, 116 Va. 211, 81 S. E. 93; *Woodson* v. *Smith*, 128 Va. 652, 104 S. E. 794; *Portsmouth Refining Co.* v. *Oliver*, 109 Va. 513, 64 S. E. 56, 132 Am. St. Rep. 924; *Charles* v. *McClanahan*, 130 Va. 682, 108 S. E. 858.

The question decided in the *Swain Case*, viz., that the true consideration for the conveyance may be shown, re-

gardless of the recitals in the deed, was not involved in the cases cited, and hence, they are not authority for the proposition here asserted by the defendant.

In our opinion the case at bar cannot be distinguished from the *Swain Case*. The controlling principles are there so clearly stated by Judge Crump that it would be an idle gesture to attempt to further elucidate them.

There is no merit in the second contention of defendant, viz., that the action of plaintiff in conveying the Hull street property to Euksuzian implied a novation. To constitute a novation, the creation of new contractual relations is required, as well as the extinguishment of the old. The burden was on the defendant to prove the establishment of new contractual relations between plaintiff and Euksuzian, as well as the extinguishment of the relations between plaintiff and defendant. Without discussing the evidence in detail, it is sufficient to say that the proof does not measure up to the required standard.

The last question to be considered is whether the action has been prematurely brought. The undisputed evidence is that at the time of the docketing of the notice of motion plaintiff had not satisfied the Varnier judgment. That he subsequently paid the judgment is conceded. Counsel for the defendant, exhibiting their usual fairness in the presentation of their cases, have this to say in their brief:

"We wish to state frankly to the court that there is very respectable authority upon both sides of this question, but we believe the better view to be that a contract of one person to pay the debt of another is a contract of indemnity only and that, therefore, a grantor of mortgaged premises cannot maintain an action against his grantee until he, the grantor, has paid the debt."

It is unnecessary in this case to discuss the question of whether or not a party who enters into a contract of in-

demnity is subject to suit before the debt has been actually paid by the principal, for the reason that a pure question of indemnity is not involved. The evidence shows that the assumption by the defendant of the deed of trust debt was a part of the consideration he agreed to pay. The contract between the parties was not that the defendant would pay the debt in case of plaintiff's default but that it would discharge the trust debt at maturity. The weight of authority is against defendant's view. Quotations from a few cases will suffice.

In *Williams* v. *Fowle*, 132 Mass. 385, the doctrine is thus stated: "The contract arising from an acceptance of a deed containing a stipulation to assume and pay a mortgage of the property conveyed, is not one of indemnity merely, but also a contract to pay the mortgage debt; and in an action by the grantor against the grantee for damages for a breach of the contract to pay, the measure of damages is the unpaid amount of the debt assumed, but not merely nominal damages, although the grantor has been required to pay no part of the debt."

In the case of *Sparkman* v. *Gove*, 44 N. J. L. 252, the court stated the rule to be as follows: "The covenant in the present case was one to pay the mortgage. Its language, 'which mortgages are assumed by the party of the second part,' imports that the grantee entered into a personal obligation, and took upon himself the duties of the covenantees with regard to the mortgage. Those duties comprised, in this instance, an obligation to pay the mortgage debt at its maturity, and this obligation must, therefore, be considered as assumed by the defendant. His covenant is not fairly capable of any less onerous interpretation * * * . On the breach of such a covenant, the damages recoverable are a sum sufficient to put the plaintiff in the position in which he would have stood if the covenant had been kept, *i. e.*, one of complete exoneration from the obligation which the defendant had agreed to discharge."

In *McMurty* v. *Leushner*, 3 D. L. R. 549, 30 Ont. Week. N. 1176, 21 Ont. Week. Rep. 996, it was said: "That a mortgagor against whom a judgment had been obtained for the mortgage debt was entitled to recover a judgment against his grantee, who had assumed the mortgage debt, for the amount of the judgment obtained against him, together with his costs..

"*Noble* v. *Campbell* (1911), 21 Manitoba L. A. 597, 18 West L. Rep. 591, it was held that a mortgagor could recover a judgment against his grantee for the amount of the judgment obtained against him, the mortgagor, without first paying the judgment."

The following cases also support the contention of the plaintiff: *Kreling* v. *Kreling* (1897), 118 Cal. 413, 50 Pac. 546; *Burbank* v. *Roots* (1894), 4 Colo. App. 197, 35 Pac. 275; *Foster* v. *Atwater* (1875), 42 Conn. 244; *Morlan* v. *Loch* (1915), 95 Kan. 716, 149 Pac. 431; *Trice* v. *Yoeman* (1898), 8 Kan. App. 537, 54 Pac. 288; *Baldwin* v. *Emery* (1897), 89 Me. 496, 36 Atl. 994; *Braman* v. *Dowse* (1853), 12 Cush. (Mass.) 227; *Furnas* v. *Durgin*, 119 Mass. 500; 20 Am. Rep. 341; *Fiske* v. *Tolman*, 124 Mass. 254, 26 Am. Rep. 659; *Lappen* v. *Gill*, 129 Mass. 349; *Locke* v. *Homer*, 131 Mass. 93, 41 Am. Rep. 199; *Peterson* v. *Abbe*, 234 Mass. 467, 125 N. E. 611; *Federal Bond & Mortgage Co.* v. *Shapiro* (1922), 219 Mich. 13, 188 N. W. 465; *Stichter* v. *Cox*, 52 Neb. 532, 72 N. W. 848; *Scott* v. *Norris*, 62 Okl. 292, 162 Pac. 1085; *Haas* v. *Dudley*, 30 Or. 355, 48 Pac. 168; *Callender* v. *Edmison*, 8 S. D. 81, 65 N. W. 425; *Perry* v. *Ward*, 82 Vt. 1, 71 Atl. 721.

There is no error in the judgment complained of and it will be affirmed.

*Affirmed.*

EPES and HUDGINS, JJ., concur in result.

EPES, J., concurring in the judgment of the court.

On the first question which is discussed by the court, I

concur in the conclusion reached; but some of the language used in this case and in *Swain* v. *Va. Bank*, 151 Va. 655, 144 S. E. 645, seems to me too broad unless it be understood as limited to the facts of the case under consideration. See Jones Com. on Ev. (2 ed.) section 1482-section 1485, and section 1561-section 1570.

In concurring in the conclusion of the court that this action is not prematurely brought, I do so because I understand that these related propositions are the law in Virginia.

(1) Where the grantee from a mortgagor assumes the payment of the mortgage debt as a part of the consideration for the purchase price of the land, the rights of the mortgagee against the assuming grantee depend wholly upon the mortgagee's right to be subrogated to the rights of the mortgagor against his grantee.

(2) As between the mortgagor and his grantee themselves the grantee becomes principally liable for the payment of the debt and the mortgagor secondarily liable therefor.

(3) The assuming grantee is entitled as against the mortgagee to any defense which the mortgagor has against the mortgagee in relation to the assumed debt, which is not in some way purely personal to the mortgagor.

(4) Except in so far as he is prevented by the doctrine of estoppel, the assuming grantee is entitled to make any defense against the mortgagee which he is entitled to make against the enforcement by his grantor (the mortgagor) of his promise to pay the mortgage debt.

(5) If the mortgagor, without having paid the mortgage debt, brings his action against his assuming grantee to recover for the breach of the grantee's promise to pay, then the grantee may file, and maintain, a bill in chancery against the mortgagor and mortgagee to enjoin the prosecution of that action pending the settlement in that suit of all the rights of the parties. See 2 Jones on Mort. (7 ed.) section 769a; *Scott* v. *Norris*, 62 Okl. 292, 162 Pac. 1085.

If such a bill in chancery would not lie in Virginia, then as the question is one of first impression in this jurisdiction, I think the proper rule to adopt would be the rule followed in many jurisdictions that an action could not be brought by the mortgagor against his grantee until after he has paid the mortgage debt.