431 P.2d 756

Peter **KUZEMCHAK** and Lois **Kuzemchak,**
**Plaintiffs-Appellants,**

v.

C. R. **PITCHFORD** and Jean Pitchford,
**Defendants-Appellees.**

No. 8235.

Supreme Court of New Mexico.

Sept. 11, 1967.

Hanna & Mercer, Albuquerque, for appellants.

No attorney for appellees.

## OPINION

SPIESS, Judge, Court of Appeals.

The question presented is whether a provision of a contract to convey lands by which the vendee agreed to assume a mortgage thereon, merged in a deed subsequently executed, in pursuance of the contract, which expressed no agreement by the vendee to assume the mortgage indebtedness but which operated merely to convey title to the vendee subject to the lien of the mortgage.

Appellants entered into a written contract with appellees whereby appellants agreed to convey certain improved real estate of theirs to appellees. The land was encumbered by a mortgage securing a promissory note which had been executed by appellants. The contract contained the following recital with respect to the mortgage indebtedness.

"The full purchase price is approximately $12,700.00 and the balance, to be paid when usual and customary papers are completed as follows: (1) purchaser to assume G.I. mortgage of approximately $12,700.00 payable at $87.00 per month including taxes, insurance, and interest; (2) seller agrees to pay monthly payments until purchaser takes possession."

The record conclusively shows that appellee took possession of the house on or about October 22, 1960, and that all mortgage payments had been made by appellant up until that time.

After the contract had been executed by the parties appellants executed and delivered a warranty deed to appellees. The deed is in statutory form and with respect to the mortgage indebtedness contains the following language: "Subject to that certain V. A. mortgage dated * * * securing note in the amount of $12,725.00."

Thus it appears that appellees' covenant to assume the mortgage was not carried forward into the deed but that title was taken "subject-to" the mortgage.

Following a lapse of time from the date of the execution and delivery of the deed the mortgage became in default and foreclosure proceedings were commenced to which appellants were joined as defendants. A decree was entered in the foreclosure proceedings under which the subject property was sold. The proceeds of sale were insufficient to satisfy the decree and a deficiency judgment was rendered against appellants which they were required to pay.

The instant suit is based upon the provision of the contract by which appellees assumed the mortgage and seeks recovery of the amount which appellants were required to pay in satisfaction of the deficiency

**380**

judgment which had been rendered against them.

It appears to have been the trial court's view that the contract became merged in and was superseded by the warranty deed, that the rights of the parties were governed solely by the deed, and that the absence of the assumption provision in the deed constituted an abandonment of the obligation expressed in the contract.

The complaint was accordingly dismissed and this appeal prosecuted. Appellees have not appeared in this court and no brief has been filed in their behalf. We have nevertheless carefully considered the questions involved.

■ As a general principle, subject however, to certain exceptions the delivery and acceptance of a deed in pursuance of a contract for the sale of land merges the covenants of the prior contract in the deed even though they are not expressly incorporated therein—Annot., 38 A.L.R.2d 1315 and 84 A.L.R. 1008.

■ The rule, however, does not apply to collateral obligations in the contract of sale of which the deed is not a performance. Linbrook Realty Co. v. Rogers, 158 Va. 181, 163 S.E. 346, 84 A.L.R. 1035 (1932); Annot., 38 A.L.R.2d 1320, 84 A. L.R. 1017, also Annot., 84 A.L.R. 1041. On this question we stated in Continental Life Insurance Co. v. Smith, 41 N.M. 82, 64 P.2d 377 (1936):

"But where there are stipulations in such preliminary contract of which the delivery and acceptance of the deed is not a performance, the question to be determined is whether the parties have intentionally surrendered or waived such stipulations. If such intention appears in the deed, it is decisive; if not, then resort may be had to other evidence. * * * "The authorities may perhaps be reconciled by a determination of what are 'collateral stipulations.' If the stipulation has reference to title, possession, quantity, or emblements of the land, it is generally, but not always, held to inhere in the very subject-matter with which the deed deals, and is merged therein."

See Chavez v. Gomez, 77 N.M. 341, 423 P.2d 31 (1967); Norment v. Turley, 24 N.M. 526, 174 P. 999 (1918).

It is undisputed that the assumption of the mortgage indebtedness by appellees was a part of the consideration of the contract.

■ The rule applicable here and which we consider to be supported by the weight of authority, is that a covenant in an executory contract for the conveyance of real estate by which the grantee as a part of the consideration assumes a mortgage debt is a collateral and independent stipulation which is not merged in the deed even though the deed is made "subject to" the mortgage. Linbrook Realty Corp. v. Rogers, 158 Va. 181, 163 S.E. 346, 84 A.L.R. 1035 (1932); Meyer v. Supinski, 125 N.J.Eq. 584, 7 A.2d 277 (1939); Herbert v. Corby, 124 N.J.L. 249, 11 A.2d 240 (1940); Rosenthal v. Heft, 155 Md. 410, 142 A. 598 (1928); Safe Deposit & Trust Co. v. Strauff, 171 Md. 305, 189 A. 195 (1937); Fuller v. McCallum & Robinson, 22 Tenn. App. 143, 118 S.W.2d 1028 (1938); Riddle v. Colliver, 116 Fla. 723, 156 So. 880 (1934); Smith v. Kibbe, 104 Kan. 159, 178 P. 427, 5 A.L.R. 483 (1919); 52 A.L.R.2d 3, page 651.

The following cases appear to have reached a contrary conclusion, but we decline to follow them. Buchsbaum v. Halper, 265 Ill.App. 226 (1932); Wayne International Bldg. & Loan Assn., v. Beckner, 191 Ind. 664, 134 N.E. 273 (1922); American Sav. Bank v. Borcherding, 201 Iowa 765, 208 N.W. 518 (1926).

The evidence, in our opinion, would not support a conclusion that the parties intentionally surrendered or waived the benefit of the covenant involved.

■ It is our view that the covenant to assume payment of the mortgage debt, contained in the executory contract survived the execution and delivery of the deed and was enforceable against appellees.

It follows that the case must be reversed with the instructions to vacate the judgment and proceed in a manner consistent with this opinion.

It is so ordered.

NOBLE and CARMODY, JJ., concur.