COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Senior Judge Overton
Argued at Chesapeake, Virginia


THOMAS W. BOMAR

                                                              OPINION BY
v.        Record No. 1556-04-1              JUDGE JAMES W. BENTON, JR.
                                                              MARCH 8, 2005
AVA W. BOMAR


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                          William H. Shaw, III, Judge

            Elisa D. Carlson (Mary G. Commander; Commander & Carlson, on
            briefs), for appellant.

            Breckenridge Ingles (Martin, Ingles & Ingles, Ltd., on brief), for
            appellee.


        Thomas W. Bomar appeals from a final decree of divorce.  He contends the trial judge erred

in (1) ordering the transfer of the marital residence to Ava W. Bomar, his wife, while he remained

obligated to pay the mortgage, (2) refusing to order the sale of the marital residence, and (3) fixing

the amount of spousal support.  We reverse the portion of the decree concerning the marital

residence and remand for reconsideration, and we affirm the award of spousal support.

                                          I.

        The parties married in 1972 and separated in 2002.  The four children of the marriage are all

over the age of eighteen years.  During the divorce proceedings, the issue of the marital residence

was raised in some fashion on October 10, 2002 at a hearing on the wife's motion for *pendente lite*

relief.  The record on appeal does not contain a transcript of the hearing.  However, the *pendente lite*

decree contains the following provisions:

> 1. Effective immediately and continuing until further order of the Court[, the wife] shall have exclusive possession of the jointly owned marital residence . . . .
>
> 2. [Husband] shall be responsible for the timely payment of the first and second mortgage payments, taxes and insurance related to the jointly owned marital residence.

Paragraph 1 suggests that this order of possession was *pendente lite* and subject to further order of the trial judge.

The record also contains an indication that the marital residence was an issue at a hearing on July 25, 2003. Although no transcript of that hearing is in the record, the trial judge entered a pretrial order on October 7, 2003, noting that on July 25, 2003 the "parties agree[d] . . . the fair market value of the marital residence is $113,500." The order also recites that the "marital residence will be assigned to the wife and the value of the asset will be considered for equitable distribution purposes." When the order was entered on October 7, 2003, the husband had retained another attorney.

At a hearing several months later, the husband's new attorney argued that the marital residence needed to be sold because the wife was not able to refinance the mortgages, the wife was not financially able to maintain the residence, and the husband would be harmed if he remained liable on the mortgages. The attorney argued that the husband did not agree to the wife's possession of the house without refinancing the mortgages.

The wife's attorney argued that the parties agreed on July 25, 2003 "that the house would be transferred to [the wife], period, end of story." The attorney indicated that he "prepared the pretrial order consistent with that agreement" and that the judge had signed the order.

Prior to hearing any testimony, the trial judge ruled as follows:

> I'm not going to vacate the decree. [The husband] was here. There was no indication that he didn't understand what was going on. The fact that it's assigned to her, I'm not sure that down the

road she can't be ordered to refinance. I don't know. I haven't gotten into that yet.

At the hearing, the wife testified that her credit rating is "poor" and that she would not be able to refinance the mortgages. Her attorney conceded that the wife "does not have good credit." Although the husband testified that he did not object to the wife having the marital residence, he said he wanted to be released from the mortgages. The husband testified that the wife "always had a problem . . . keeping up on her bills." The parties again stipulated the value of the marital residence and further stipulated that the marital residence was subject to a principal deed of trust balance of $88,181.48 and a second deed of trust balance of $7,748.04, resulting in an equity value of $17,570.48.

In a March 16, 2004 letter opinion, the trial judge made an award "reflect[ing] an . . . equal division of the parties' assets." He ruled that the "wife is awarded the marital residence" and that she was solely responsible for the debts associated with the marital residence. In response to the husband's motion that the opinion "be amended to make provision for Wife to refinance or otherwise have Husband removed from liability on the mortgage as a condition of receiving the marital residence," the trial judge denied the motion and explained his reasoning in a May 6, 2004 letter opinion:

> Although I have found no appellate cases on the issue, I nevertheless conclude that the statutory direction that Mrs. Bomar "assume [the] indebtedness secured by the property" does not permit the court to order her to refinance the indebtedness. Further, my obligation to apportion debt does not include the power to order an acceleration of the payment of this debt.
>
> Frankly, I would like to have the power to order such refinancing or acceleration, because I am sympathetic to Mr. Bomar's position.

The final decree of divorce granted a divorce on the ground that the parties lived separate and apart without habitation for a year. It assigned the marital residence to the wife, ordered that

the wife "shall be responsible for the timely payment of the first and second mortgage payments, taxes and insurance," and ordered the husband to convey his title and interest in the marital residence by a general warranty deed of assumption.

## II.

The husband contends the trial judge erred in refusing to order that the marital residence be sold. The wife did not address this issue in her brief; however, at oral argument she asserted that the husband had agreed to the transfer and is now barred from raising this issue on appeal.

The trial judge's October 7, 2003 order memorializes the parties' agreement, entered on July 25, 2003. The order provides that "the marital residence will be assigned to the wife and the value . . . will be considered for equitable distribution purposes." Nothing in the record established that the trial judge erred in finding that the parties made this agreement. In view of the agreement, we will not now consider the husband's contention that the trial judge erred in ordering the marital residence transferred to the wife. The "[h]usband will not be permitted to approbate and reprobate, ascribing error to an act by the trial [judge] that comported with [the husband's] representations." Asgari v. Asgari, 33 Va. App. 393, 403, 533 S.E.2d 643, 648 (2000).

## III.

The husband alternatively contends the trial judge erred "in ordering the transfer of the marital residence to [the] wife, while requiring [the husband] to remain liable on the mortgage obligation." He argues that the trial judge's ruling "was based upon an improper interpretation of the law." The wife responds that the trial judge "had the discretion to order that the marital residence be transferred" and did not abuse his discretion in ordering the husband to remain liable on the mortgage.

In pertinent part, Code § 20-107.3(C) provides as follows:

> The court may, based upon the factors listed in subsection E, divide or transfer or order the division or transfer, or both, of jointly owned marital property, or any part thereof. The court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E.
>
> As a means of dividing or transferring the jointly owned marital property, the court may transfer or order the transfer of real or personal property or any interest therein to one of the parties, permit either party to purchase the interest of the other and direct the allocation of the proceeds, provided the party purchasing the interest of the other agrees to assume any indebtedness secured by the property, or order its sale by private sale by the parties, through such agent as the court shall direct, or by public sale as the court shall direct without the necessity for partition.

Upon the agreement of the parties, the trial judge required the husband to transfer his title and interest in the marital residence to the wife as a part of the scheme of distributing the marital property. The marital residence is encumbered by two deeds of trust securing the repayment of notes (the mortgages). Although the trial judge ordered the wife to assume the payment of the mortgages, the order does not protect the husband against default by the wife. The record establishes, however, that the wife has demonstrated financial irresponsibility and has a poor credit rating. The trial judge expressly recognized the potential burden that this transaction may impose on the husband. Although he was "sympathetic" to the husband's plight, the judge ruled he was powerless to remedy the problem.

A trial judge "would necessarily abuse [his] discretion if [he] based [his] ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell v. Hartman Corp., 496 U.S. 384, 405 (1990). Thus, we review a trial judge's ruling to determine whether his discretion was guided by erroneous legal conclusions. We applied this principle in reversing an order distributing marital property where the trial judge "erroneously concluded that

- 5 -

the provision of Code § 20-107.3(A) abrogated the court's discretionary power [to reconsider an asset valuation] and confined his review . . . to the date of the initial evidentiary hearing." Shooltz v. Shooltz, 27 Va. App. 264, 270, 498 S.E.2d 437, 440 (1998). Finding nothing in the statute to support the judge's ruling, we held as follows:

> [W]e find that the trial court erred in concluding that Code § 20-107.3(A) barred it from reopening the hearing on the valuation of assets. The trial court's error of law with respect to its discretion to reopen the hearing was itself an abuse of discretion. As the Supreme Court has recognized, a trial court "by definition abuses its discretion when it makes an error of law." Koon v. United States, 116 S. Ct. 2035, 2047 (1996). Accordingly, we reverse and remand the case for the trial court to consider the issue of reopening the hearing in light of the relevant factors which govern its exercise of discretion.

Id. at 271, 498 S.E.2d at 440-41 (footnote omitted).

Code § 20-107.3(C) empowers the trial judge to order, as a condition of transferring jointly owned marital property, that the receiving party "assume any indebtedness secured by the property." Clearly this grant of power encompasses the power to condition the transfer upon terms that will not leave the other party at risk of financial ruin if the receiving party is not financially responsible. The term "assume any indebtedness" obviously means the grantee agrees to discharge the indebtedness. This can be done by refinancing, by paying the balance, or by paying according to the terms of the instrument. Owens v. Lee, 185 Va. 160, 166, 37 S.E.2d 848, 851 (1946); Waddell v. Roanoke Mut. Bldg. & Loan Ass'n, 165 Va. 229, 236, 181 S.E. 288, 290-91 (1935); Linbrook Realty Corp. v. Rogers, 158 Va. 181, 189, 163 S.E. 346, 348 (1932); Univ. of Richmond v. Stone, 148 Va. 686, 696-97, 139 S.E. 257, 260-61 (1927). See also Williams v. First Federal Sav. & Loan Ass'n of Arlington, 651 F.2d 910, 931 (4th Cir. 1981). Nothing in the statute suggests the trial judge did not have the power to order any of these incidents when he ordered the wife to assume the indebtedness associated with the marital

property. The statute obviously contemplates that the trial judge has the power to order the usual and necessary incidents requisite to transferring the property to reach an equitable distribution.[1]

In addition, we note that nothing in the record indicates the parties' agreement precluded the judge from ordering refinancing. Indeed, the trial judge noted this prior to the evidentiary hearing, saying: "The fact that it's assigned to her, I'm not sure that down the road she cannot be ordered to refinance." Without some further conditions, the order that merely requires the wife to assume the mortgage indebtedness would leave the parties' financial affairs entangled for many years and would make more likely further conflict and litigation between them concerning the mortgage debts.[2] The trial judge obviously has the power to consider whether the husband should be left to rely upon the notion that the wife, for the remaining term of the mortgages, can

---

[1] We also note that nothing in the statute bars the trial judge from ordering, if appropriate, that the party receiving the property and assuming the indebtedness indemnify and save harmless the other party from any claims arising out of ownership and occupancy of the property. Where, as here, the trial judge ordered that the wife was to be solely responsible for the debts associated with the residence, a requirement that she indemnify and hold harmless the husband regarding the debts is nothing more than an incident to assuring that the wife bears the obligation of the debts. See Rogers, 158 Va. at 188-89, 163 S.E. at 348.

[2] In ordering transfers, circuit court judges routinely require various means to assure an effective transfer of the marital residence and assumption of the associated debt. See e.g. Gibson v. Gibson, 23 Cir. CH 0229 (2003) (requiring as a condition of the transfer that the wife "arrang[e] to have [the husband's] name removed from the [mortgage] or refinance the [debt]"); Griffiths v. Griffiths, 20 Cir. C 21286 (2003) (same); Williamson v. Williamson, 20 Cir. C 21642 (2003) (in lieu of sale, the wife is given the option to "refinance [the debt on] the marital residence so as to have title transferred to her"); Rinearson v. Rinearson, 19 Cir. C 170354 (2002) (awarding residence on the condition that one party hold "harmless [the other] on the existing mortgage"); Phelan v. Phelan, 19 Cir. 145616 (2000) (marital home may be transferred if the wife "refinance[s] the property so as to remove the husband from obligations under any loans"); Whittrup v. Whittrup, 19 Cir. C 148413 (1998) (same); Shoemaker v. Shoemaker, 19 Cir. C 130923 (1994) (permitting husband to purchase marital residence by "refinanc[ing] or otherwise remov[ing] the wife from all liens and hold[ing] her harmless from all claims relating to said real property").

and will make rational economic decisions concerning the ownership of the property and the joint debts she is obligated to pay, and for which the husband remains continually liable.[3]

Because the record indicates that the trial judge erroneously believed the statute did not permit him to order refinancing or other safeguards when he ordered the transfer of the marital residence to the wife, we hold that the judge abused his discretion in making the award.

IV.

The husband contends that the trial judge erred in awarding spousal support. In our view of this issue, we are governed by well established principles.

> Whether a spouse is entitled to support, and if so how much, is a matter within the sound discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done. Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). The challenge to the amount of support raises the issue of the sufficiency of the evidence to support the judgment. The judgment of the trial court is presumed correct and we may not disturb its ruling if there is credible evidence to support it. Code § 8.01-680.

Steinberg v. Steinberg, 11 Va. App. 323, 329, 398 S.E.2d 507, 510 (1990).

Recognizing the high hurdle to overcome, the husband contends he "was denied the opportunity to prepare a spousal support case since the trial court declined to grant a request for continuance." The appeal, however, presents no issue concerning the denial of a continuance. We are constrained by Rule 5A:20 not to consider it. See Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 228 n.9, 578 S.E.2d 814, 820 n.9 (2003) (an argument that is not part of the question presented for appeal will not be considered).

---

[3] In Stroop v. Stroop, 10 Va. App. 611, 394 S.E.2d 861 (1990), the trial judge devised an elaborate means by which the spouse receiving the marital residence would pay the other spouse for his interest $18,500 at the rate of 9% per annum by monthly payments of $138.75, later increasing to $250. Id. at 613, 394 S.E.2d at 862. We held that the trial judge was not empowered to so entwine the parties' finances so far into the future.

- 8 -

The husband also contends that the trial judge violated principles established in <u>Gamble v. Gamble</u>, 14 Va. App. 558, 421 S.E.2d 635 (1992), when he awarded the wife an amount of spousal support almost equal to the amount of the mortgage payment. He relies upon the following ruling:

> The outstanding obligations on marital property are properly considered when Code § 20-107.3 determinations are made and the marital wealth is equitably distributed. The same obligations are not to be factored again into the Code § 20-107.1 determination. In short, the appropriate separation between considerations of spousal support and considerations of an equitable distribution of marital wealth prevents a "double dip" by a spouse who seeks and receives encumbered marital property under Code § 20-107.3 and also seeks and receives spousal support under Code § 20-107.1.

<u>Id.</u> at 577, 421 S.E.2d at 646-47.

The evidence in this record does not support the husband's claim that the award of spousal support was an impermissible "double dip." The record unambiguously establishes that the trial judge set the amount of the spousal support award after reviewing the factors in Code § 20-107.1 and considering their application to the facts in this record. We hold, therefore, that the record fails to establish an abuse of discretion, and we affirm the spousal support award.

V.

For these reasons, we reverse the decree respecting the distribution of property and remand to the trial judge to reconsider the award in light of these principles. We affirm the award of spousal support.

<u>Affirmed, in part,<br>reversed, in part,<br>and remanded.</u>