G. W. GABEL, *Plaintiff in Error*, v. J. A. SIMMONS and H. P. INGRAM, *Defendants in Error.*

En Banc.

Opinion filed August 2, 1930.

*Stapp, Gourley, Vining & Ward,* for Plaintiff in Error;

*Hudson & Cason,* for Defendants in Error.

ANDREWS, Commissioner:

Defendants in error as plaintiffs below brought suit in the Circuit Court of Dade County against G. W. Gabel to recover $7,500.00 and based their cause of action upon a special provision of a real estate purchase contract entered into on August 15, 1925, whereby plaintiffs agreed to purchase three lots for the total price of $30,000.00, and paid $1,500.00 at the time and agreed to pay $6,000.00 additional on closing of the deal.

The special provision referred to above reads as follows:

"If the purchaser is dissatisfied after 90 days from closing, all monies paid shall be returned with 10% interest."

On August 28, 1925, the transaction for the purchase was closed by delivery of a contract for deed and by paying of the $6,000.00 balance of the first payment. It appears that some controversy arose as to the necessity of including the above quoted special provision in the contract for deed. The defendant alleged in his pleas which were stricken that as the quoted clause in the purchase contract was not included or merged into the contract for deed at the closing of the deal, such clause was not enforceable. This contention is not tenable as is apparent from the whole transaction; in fact, the quoted sentence in the contract of purchase constituted a special agreement which was not appropriate to be

included in the contract for deed which evidenced the date of closing the deal.

At the close of the taking of testimony a verdict was directed for plaintiffs.

The undisputed evidence is that at the expiration of the ninety days (and even before) and within a reasonable time, the purchasers requested the return of their first payment with interest, and on December 31, 1925, about one month after the expiration of the said 90 days, the defendant Gabel wrote plaintiffs a letter which was attached as an exhibit to plaintiff's declaration and also filed in evidence, in which letter he renewed or confirmed—if that were necessary—the agreement to repay the $7,500.00 by agreeing to make such payment at the expiration of 90 days from the date of said letter if plaintiffs were still dissatisfied with their purchase. This letter of December 31, 1925, contained the *ex parte* statement that the renewal of the promise in writing and agreement to postpone the return of the money for an additional 90 days was made at the instance or "desire" of plaintiffs to allow them to dispose of the property at a profit to themselves, but such construction is not justified by the very nature of the controversy at the time, nor by the evidence at the trial. It also appears from transaction as a whole that the new promise did not affect the plaintiff's right to a return of the money whether given at plaintiff's instance or at that of the defendant, for at the time such renewed promise was given, plaintiffs had already demanded in due course, the return of their first payment.

In Caveny v. Curtis, 257 Pa. 575, 101 Atl. R. 853, 854, the court said:

"The general rule is that preliminary agreements and understandings relating to the sale of land become merged in the deed. This rule, however, does not apply

to independent covenants or provisions in an agreement of sale not intended by the parties to be incorporated in the deed. In such case the delivery of the conveyance is merely a part performance of the contract, which remains binding as to its further provisions." See also 2 Willison on Contracts, 1252.

In 4 Paige on the Law of Contracts (2nd Ed.), Sec. 2568, the rule is stated as follows:

"A deed which is delivered after a contract for the sale of realty has been made, but which is not delivered by the vendor as in full performance of the contract, and is not accepted by the purchaser as in full performance of the contract, and which does not cover the entire subject-matter contracted for, does not operate as a merger of the prior contract." See cases there cited.

The fact that the contract of purchase was executed by G. W. Gabel personally, while the contract for deed was later executed by Gabel and others as owners, does not affect the legal rights of plaintiffs to sue Gabel personally for the return of the first payment which he agreed was to be returned "if purchaser is dissatisfied after 90 days from closing." See Key v. Alexander, 91 Fla. 975, 108 So. R. 883.

It is argued that the above quoted provision of the purchase contract is not enforceable for indefiniteness.

In the case of Sommers v. Apalachicola Northern R. Co., 85 Fla. 9, 96 So. R. 151, this Court said:

"All parties *sui juris* are free to make whatever contracts they may choose so long as no fraud or deception is practiced and there is no infraction of law. The fact that one of the parties to a contract made a hard bargain will not alone avoid the contract." See also Mizell

Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 So. R. 547; Florida Ass'n v. Stevens, 61 Fla. 598, 55 So. R. 981.

It is true the quoted clause provided that if purchaser was dissatisfied "after 90 days from closing," the money would be returned. This provision, however, was made definite by the purchasers' demanding within a reasonable time the return of the money; and this, even in the absence of the renewal of the promise in writing, prevented any implication of perpetuity.

It was also alleged in the second count of the declaration and supported by undisputed evidence that defendant did not have title to said property, but merely had an interest in said land under an agreement for deed, and that subsequent to the execution of the agreement for deed to plaintiffs on August 28, 1925, and before plaintiffs as vendees had defaulted in any payment, the owners of said property conveyed same by warranty deed to one D. J. Conroy and others, who in turn immediately conveyed it to other named parties. The above conditions may not have put it beyond the power of defendant to ultimately convey said property to plaintiffs, but they at least established an additional ground for a suit for the return of the first payment, even in the absence of said special agreement. See Stanley v. Anthony Farms, 93 Fla. 295, 112 So. R. 57; 3 Elliott on Contracts, Sec. 1972; Hall v. Northern & Southern Co., 55 Fla. 235, 46 So. R. 178; 2 Berryman's Southerland on Damages (4th Ed.) 1988, Sec. 581.

It is deemed unnecessary to discuss other assignments of error. They have all been duly considered. No reversible error has been found in the directing of a verdict for the plaintiffs by the trial court.

The judgment of the circuit court is therefore affirmed..

Per Curiam.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby affirmed.

Terrell, C. J., and Whitfield, Ellis, Strum and Buford, J. J., concur.