L. H. RIDDLE, et al., v. F. B. COLLIVER.

156 So. 880.
Division B.
Opinion Filed October 1, 1934.
Petition for Rehearing Denied November 2, 1934.

*Wideman, Wideman & Wardlaw, Lucius A. Buck* and Carl Widell, for Plaintiffs in Error;

*R. C. Williams,* for Defendant in Error.

PER CURIAM.—It appears that L. H. Riddle and his wife executed a mortgage upon described land to F. B. Colliver and Olive Colliver to secure notes aggregating $3,500.00; that thereafter J. P. Cochrane agreed in writing to purchase the land, a part of the consideration being "$3,500.00 First Mortgage to be assumed and paid by the purchaser at 8% interest"; that a warranty deed to the lands was executed to J. P. Cochrane; that after foreclosure proceedings and sale of the property, a portion of the mortgage debt remained unpaid, but no deficiency decree was prayed or rendered. By assignment F. B. Colliver duly acquired the interest of Olive Colliver in the mortgage debt and brought an action at law against L. H. Riddle and J. P. Cochrane to recover judgment for the balance due on the same debt that was incurred by Riddle in giving the notes and by J. P. Cochrane in his contract in writing to purchase the mortgaged land wherein he agreed that the $3,500.00 first mortgage would be "assumed and paid by the purchaser."

A verdict was rendered against both defendants. A motion for new trial and a motion in arrest of judgment were granted. During the same term of the Court a motion to set aside the orders granting a new trial and in arrest of

judgment was filed with the judge of the court. At a subsequent term of the Court the orders granting new trial and arrest of judgment were vacated and thereupon final judgment for the plaintiff against both defendants was rendered.

On writ of error taken by both defendants it is in substance contended that J. P. Cochrane should not have been joined as a defendant. The obligation of each defendant is the same debt, though each individually incurred his obligation to pay the debt by a separate written instrument; therefore one action may be maintained against them together for the same debt with appropriate allegations and proof as to each of the written instruments imposing the obligation. See Marler v. Parker, 101 Fla. 780, 135 So. 400; 41 C. J. 754.

The written agreement to purchase the land expressly provided for the "mortgage to be assumed and paid by the purchaser"; and the fact that the subsequent deed conveying title to the land was only made "subject to" the mortgage, does not destroy the assumption agreement contained in the contract to purchase the land, even if the agreement to purchase was breached by failing to pay the mortgaged debt that was assumed as a part of the purchase price.

Motions for a new trial and in arrest of judgment were granted during the term in which the verdict was rendered; and a motion to vacate the orders granting a new trial and in arrest of judgment was endorsed "Before me: November 29, 1932, C. E. Chillingworth, Judge," which date was during the term in which the verdict was rendered and the orders granting a new trial and in arrest of judgment were made. This was sufficient to retain the Court's jurisdiction of the cause. Under the usual general order of continuance all causes and matters not finally disposed of are carried forward into the succeeding term in course.

At the next term the orders granting a new trial and in arrest of judgment were vacated and a final judgment was rendered by the Court, to which the writ of error herein was duly taken.

Other questions including procedural matters presented have been considered, but they need not be further discussed in view of the conclusions herein stated.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.