184 So.2d 892 (1966)
Oscar W. SOPER and Nan M. Soper, Husband and Wife, Appellants,
v.
George E. STINE and Lucille A. Stine, Husband and Wife, Appellees.
No. 6511.
District Court of Appeal of Florida. Second District.
March 30, 1966.
*893 R.J. Marshall, Palmetto, for appellants.
H.A. Ross, of Paderewski, Cramer, Robinson, Ginsburg & Ross, Sarasota, for appellees.
SHANNON, Judge.
This is an appeal by the defendants from an order denying their motion for summary judgment as to the third count of the complaint. The action was brought by the plaintiffs on two promissory notes secured by a chattel mortgage, certain written agreements between the parties, and a note secured by a purchase money mortgage on real property. The relief sought was the imposition of a lien on the real and personal property for the amounts owing on the notes, and in the event of nonpayment of the balance due, for the court to decree foreclosure. The defendants moved for summary judgment on the third count, which sought foreclosure on the real property; the motion was denied and defendants filed interlocutory appeal here. The only documents before this court, and all that were before the chancellor, are the pleadings and exhibits, which include the agreements, notes and mortgages. Based on these instruments, we conclude that there is no genuine issue of material fact and that as a matter of law the defendants are entitled to summary judgment on count three of the complaint.
Primarily, we based our decision on the failure of the plaintiffs to allege, or by affidavit, deposition, interrogatory, or other appropriate matter, to make any showing that the defendants had failed to make payments on the real estate required by the purchase money note and mortgage.
Counts one and two of the complaint, incorporated into count three, alleged failure of the defendants to abide by the terms of the notes and chattel mortgage incident to the sale to defendants of plaintiffs' business, comprised of personal property, fixtures and good will. Plaintiffs further allege that by virtue of the defendants' failure to perform under the terms of payment set forth in the agreement for purchase of the business, that plaintiffs had elected to declare due and payable the entire sums payable on the real property note and mortgage:
"* * * [T]he said ECON-O-WASH business, together with the real property and other improvements thereon were sold by plaintiffs and purchased by defendants based upon the defendants' promise to make all payments as described in the notes, mortgage, and Agreement attached hereto as Exhibits, and by reason of the defendants' failure to make the payments and abide by the terms and conditions of the Agreement aforesaid, the defendants have broken the terms, conditions and covenants of the notes, mortgages and Agreement * * *." (Emphasis added.)
We observe that this paragraph, which is the gravamen of the third count of the complaint, alleges that the defendants have breached the agreement relative to payment on the notes which were given as consideration for the sale of the business, but does not allege default in payment of the note given in connection with the sale of the real property.
*894 The general rule is that the provisions of preliminary negotiations leading up to the sale of real estate merge in the deed. This rule is subject to the recognized exception that where there are covenants outside, collateral to, or independent of, the provisions of the deed, there is no merger. Riddle v. Colliver, 1934, 116 Fla. 723, 156 So. 880; Graham v. Commonwealth Life Insurance Co., 1934, 114 Fla. 585, 154 So. 335; Gabel v. Simmons, 1930, 100 Fla. 526, 129 So. 777; and Annot. 52 A.L.R.2d 648. Therefore, we must examine the instruments referred to by plaintiffs to determine 1) if they were intended to affect the terms of the real property sale, and 2) if they survived the execution of the deed, note and mortgage.
The agreement for the sale of the business conclusively shows that it involved only the terms of payment for the inventory, fixtures and good will. There is reference in the agreement to an option to purchase the real property on which the business was located; however, the reference merely applies to the terms under which the option is to remain in force, and contains no language regarding the sellers' remedies should the option be exercised and a sale consummated. Subsequent to the execution of this agreement the parties signed an instrument styled "Agreement for Deed." The provisions of this agreement were that the plaintiffs would furnish a marketable title to the defendants upon the payment of $25,000.00, payable $4,000.00 in cash and a note for the balance. There was no mention in this agreement of any other conditions attached to the sale of this property, nor were any other agreements between these parties relative to the sale of the personal property incorporated into its terms. Moreover, this agreement expressly negated any such possibility by providing:
"That the Sellers shall be bound by no representations touching or affecting the premises herein described, or this Agreement, that are not set forth herein; and it is expressly agreed that all representations relating to the said premises, or to this Agreement, are included in and are set forth in this Agreement." (Emphasis added.)
By the most liberal rules of contract construction, we are unable to agree with the plaintiffs' contention that the provisions of either the option to purchase or the agreement for deed manifest the intention to link nonpayment of the personal property obligation with an acceleration of the note given for the purchase of the real property. Moreover, the note given in connection with the purchase of the real property states:
"FOR VALUE RECEIVED, I, We, or Either of Us, promise to pay in lawful money of the United States of America, to: GEORGE E. STINE and LUCILLE A. STINE, husband and wife, or order, at 1782 Olympia Fields Street, Tri Par Estates, Sarasota, Florida, the sum of TWENTY-ONE THOUSAND DOLLARS ($21,000.00), payable in equal monthly installments of One Hundred Seventy-seven & 21/100 Dollars, first to be applied on interest and the balance to be applied on principle, to be paid on the 21st day of June, 1963, with a like sum on the 21st day of each month thereafter until the full amount of this note is paid, with interest from date at the rate of six per cent (6%) per annum on the unpaid balance, with the right to anticipate payment partially or in full, at any time with no penalty, and with interest to abate accordingly."
The terms of this note are incorporated into the mortgage. To alter these payment terms would require evidence of a specific written or oral agreement, and, as we have seen, the instruments relied on by the plaintiffs do not demonstrate an intention, to effect these provisions. In addition, plaintiffs have made no showing that there exists any other agreement, either written or oral, that would have such a result.
On a motion for summary judgment, after the movant initially demonstrates the non-existence of factual issues, *895 the non-moving party must make a showing, aside from his pleadings, that a fact issue can be generated, unless the undisputed facts would not entitle the movant to judgment as a matter of law. Goswick v. Mittelman, Fla.App. 1965, 177 So.2d 253; Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Hardcastle v. Mobley, Fla.App. 1962, 143 So.2d 715; and Fla.R.Civ.P. 1.36, 30 F.S.A. Here we have only the exhibits, introduced by the plaintiffs themselves, and they reveal no issue of whether the defendants have defaulted on their obligation to pay according to the terms of the real property transaction. Therefore the chancellor erred in failing to grant summary judgment as to count three. We reverse the order appealed and remand for further proceedings on counts one and two of the complaint.
Reversed and remanded.
ALLEN, C.J., and PIERCE, J., concur.