RAWLS, Judge.
By an amended complaint, the Sterritts (appellants) sought to recover from the trustees of Barnett Mortgage Trust (appel-lees) a commitment fee of $30,560.00 and other damages by reason of an alleged breach of contract. The Sterritts now appeal a final judgment dismissing their amended complaint.
Basic allegations of the amended complaint reflect negotiations between the Sterritts and Barnett Mortgage Trust (a real estate investment trust) for a construction loan in the amount of $3,056,000.-00. A “commitment” letter was issued by Barnett to the Sterritts upon numerous *524 terms and conditions, one condition being that the commitment fee paid by the Ster-ritts to Barnett was not refundable. According to the allegations, Barnett refused to honor its commitment due to the increase in the prime rate of interest. In dismissing the amended complaint, the trial judge stated:
“The thrust of the amended complaint is the allegation in jfS that after contracting with the plaintiffs [appellants] to make a loan to them the defendants [ap-pellees] ‘wrongfully imposed on plaintiffs a new condition for making the mortgage loan.’ Without that allegation, the amended complaint clearly states no cause of action whatsoever. That allegation is negated by the recital in exhibit A thereto, in [[5 of the portion headed ‘Barnett mortgage trust standard loan conditions’:
5. In order to assure BMT [Barnett Mortgage Trust] that sufficient funds are available to pay all costs in constructing this project; including all non-construction costs included on Exhibit ‘B’, the Borrower and/or guarantors will be required to supply additional funds in the total amount of any existing or future shortage, as determined solely by BMT.
“When the plaintiffs agreed that the defendants could require the plaintiffs to supply additional funds in the total amount of any existing or future shortage ‘as determined solely by BMT’, the plaintiffs laid themselves wide open for the requirement the defendants made of them about which they complain. The plaintiffs cannot consistently allege in their amended complaint that such a requirement was ‘wrongfully’ imposed upon them or that the requirement was ‘a new condition’ for making the loan.
“Alleging, as the plaintiffs do further on in ¶5 of their amended complaint, that the defendants were motivated by some other reason to make the requirement of them for additional funds avails the plaintiffs nothing when they place themselves so thoroughly at the mercy of the defendants by contracting that the determination as to the necessity for additional funds would be ‘determined solely by BMT.’ ”
Sui juris parties may enter into a contract. They are privileged to enter into a “bad” contract as well as to enter into a “good” contract. It is not a proper function of a court to rewrite contracts. (Gabel v. Simmons, 100 Fla. 526, 129 So. 777 [1930]).
AFFIRMED.
BOYER, C. J, and McCORD, J., concur.