COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

DAVID KNOTT

MEMORANDUM OPINION[*] BY
v.       Record No. 1016-18-4         JUDGE WILLIAM G. PETTY
MAY 12, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Clifford L. Athey, Jr., Judge

Peter K. McDermott, Senior Assistant Public Defender, for
appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

David Knott was convicted in a bench trial of unlawful wounding, pursuant to Code

§ 18.2-51, and destruction of property greater than $1,000, pursuant to Code § 18.2-137. On

appeal, Knott alleges that the trial court erred in holding that Code § 18.2-137(B) is a general

intent crime. We agree.

I. BACKGROUND

Because this is an unpublished opinion that carries no precedential value and the parties

are fully conversant with the record, we recite only the facts relevant to our analysis. David

Knott was tried in a bench trial for unlawful wounding and felony destruction of property and

convicted of both.[1] The destruction of property charge stems from an incident in which an ATV

Knott was driving struck the victim's truck, causing more than $1,000 of damage.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The unlawful wounding conviction is not before us on appeal.

## II.  ANALYSIS

On appeal, Knott argues that "[t]he trial court erred in holding that intentional felony property damage (Va. Code Section 18.2-137(B)) is a general intent crime."  We agree.

At the outset, we note that the Commonwealth argues that Knott's argument is barred by Rule 5A:18.  Specifically, the Commonwealth argues that "Knott never raised a specific intent argument concerning the required *mens rea* for the offense before the trial court."  We disagree with the Commonwealth's characterization of what is required for preservation under Rule 5A:18.  Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling."

Knott repeatedly argued before the trial court that the Commonwealth was required but failed to prove that Knott intentionally damaged the truck.  At the end of the Commonwealth's case, Knott made a motion to strike, arguing, among other things, that the property damage charge should be dismissed because the Commonwealth failed to prove that the damage was intentional—arguing that the evidence was insufficient because it showed that Knott accidentally backed into the victim's truck.  The trial court even clarified, "So . . . it seems to me that the argument here does play out in terms of whether or not for the Court's consideration these matters were intentional or accidental acts."  Defense responded, "Yes sir."  In his renewed motion to strike, Knott argued, "Again, it's an accident, there's no intentional destruction here." Then, in closing arguments, Knott argued, "With regards to the destruction of property.  There are several different stories as to how this happened, but not one of them points to this being an intentional action by David Knott beyond a reasonable doubt."  Accordingly, Knott repeatedly argued that the Commonwealth failed to prove the specific intent required for an intentional property damage conviction.  Knott's objections were stated "with reasonable certainty at the time of the ruling" and were clearly understood by the trial court.  See Rule 5A:18; Taylor v.

Mar. Overseas Corp., 224 Va. 562, 566 (1983) (holding that issue was preserved for appeal because "[t]here can be no doubt the trial court understood . . . counsel's objection"). Therefore, Knott's argument was properly preserved.

With respect to the merits of Knott's claim, we note that "[o]n appeal, we review the evidence in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." Vasquez v. Commonwealth, 291 Va. 232, 236 (2016) (quoting Bowman v. Commonwealth, 290 Va. 492, 494 (2015)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Commonwealth v. Perkins, 295 Va. 323, 323-24 (2018) (quoting Vasquez, 291 Va. at 236).

Furthermore, "[a] trial court's determination of matters within its own discretion [like which is the applicable legal standard] is reversible on appeal only for abuse of that discretion . . . and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it." Goldhamer v. Cohen, 31 Va. App. 728, 734-35 (2000) (quoting Farley v. Farley, 9 Va. App. 326, 328 (1990)). A trial court, "by definition abuses its discretion when it makes an error of law." Shooltz v. Shooltz, 27 Va. App. 264, 271 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

Pursuant to Code § 18.2-137, it is a Class 6 felony to "intentionally" "destroy[], deface[], damage[] . . . any property, real or personal, not his own" valued at $1,000 or more. If any such acts are done "unlawfully," and the damage is less than $1,000, it is deemed a Class 3 misdemeanor. Code § 18.2-137.

In finding Knott guilty of Code § 18.2-137, the trial court relied on Crowder v. Commonwealth, 16 Va. App. 382, 384 (1993). Apparently unaware of its subsequent history,

the Commonwealth presented <u>Crowder</u> to the trial court to support the assertion that it was not required to prove that the damage to the truck was done intentionally. According to <u>Crowder</u>, and the Commonwealth in this case, "Criminal responsibility under the [destruction of property] statute attaches when property is damaged or destroyed during the commission of an unlawful act, which includes the performance of a lawful act in a criminally negligent manner." <u>Id.</u> Therefore, the Commonwealth argued that the damage to the truck caused by Knott, in itself, was sufficient to prove that he violated Code § 18.2-137.

In <u>Scott v. Commonwealth</u>, 58 Va. App. 35, 47-48 (2011), however, this Court noted that since <u>Crowder</u> was decided, the General Assembly had amended Code § 18.2-137 to require that felony criminal property destruction be done intentionally. This Court noted,

> Code § 18.2-137(B) does not criminalize the mere performance of a volitional act conducted in a criminally negligent manner that happens to damage the property of another. A plain reading of the statute, with due consideration to the words used and their context in the overall statutory scheme, assures us that the legislature intended this reading when it amended Code § 18.2-137 in 1999.

<u>Id.</u> at 49-50. Accordingly, the holding in <u>Crowder</u> has been superseded by statute as explained in <u>Scott</u>.[2]

Despite the amendment to Code § 18.2-137 and our holding in <u>Scott</u>, the trial court nevertheless relied on <u>Crowder</u> to find that there was sufficient evidence to convict Knott of intentional destruction of property, without a finding of intentionality. The trial court specifically found that Code § 18.2-137(B) only requires a finding of "general intent" to sustain a conviction and that "you [the Commonwealth] don't have to prove it intentionally happened." It is well settled that application of an erroneous legal standard *ipso facto* constitutes an abuse of discretion. <u>See, e.g.</u>, <u>Bomar v. Bomar</u>, 45 Va. App. 229, 236 (2005); <u>Mina v. Mina</u>, 45 Va. App.

---

[2] On appeal, both parties agree that specific intent is required.

215, 222 (2005); <u>Lanzalotti v. Lanzalotti</u>, 41 Va. App. 550, 554 (2003).  Accordingly, we must reverse and remand.[3]

<h3 style="text-align:center">III.  CONCLUSION</h3>

Because the trial court applied the wrong legal standard to determine whether the evidence was sufficient to convict Knott of destruction of property, the destruction of property conviction is reversed, and the case remanded for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

---

[3] The Commonwealth argues on appeal that this Court should affirm despite the legal error because the evidence was nevertheless sufficient to prove that Knott intentionally damaged the truck.  We disagree.  For us to so conclude, the record must contain a factual finding by the trial court supporting the conclusion that the damage was intentionally inflicted.  It is well settled that appellate courts "are bound by the trial court's factual findings unless those findings are plainly wrong or unsupported by the evidence."  <u>Jones v. Commonwealth</u>, 279 Va. 665, 670 (2010).  Thus, we conclude that further factual findings are necessary, and we decline to consider whether the evidence was sufficient to prove an intentional destruction.  <u>See</u> <u>Blackman v. Commonwealth</u>, 45 Va. App. 633, 642-43 (2005) ("[A]n appellee may argue for the first time on appeal any legal ground in support of a judgment so long as it does not require new factual determinations.").